IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CALEB QUESENBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:16cv66 |
| | ) | |
| SOUTHERN ELEVATOR | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| NORTHERN MANAGEMENT | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| & | ) | |
| | ) | |
| L. CRUZ, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

COMES NOW the plaintiff, by counsel, and in support of his Motion to Remand, states as follows:

This matter was removed by Southern Elevator Company, Inc. ("Southern") and Louis Cruz ("Cruz"), with the consent of Northern Management Services, Inc on or about February 19, 2016. While admitting that both defendant Louis Cruz and the plaintiff are citizens and residents of the Commonwealth of Virginia, Cruz and Southern assert that Cruz was "fraudulently joined with the express purpose of defeating the Court's jurisdiction and that no legal claim cognizable in the Commonwealth of Virginia lies against Mr. Cruz". Notice of Removal Paragraph 16.

While 28 U.S.C. §1332 provides for federal jurisdiction when the parties are citizens of different states, 28 U.S.C. §1441 (b) (2) states that "a civil action otherwise removable solely on the basis of the jurisdiction under section 1332 (a) of this title may not be removed if any of the

parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." A judicially created exception to this rule is when a party is fraudulently joined. The plaintiff agrees that if Mr. Cruz is in fact fraudulently joined, this Court has jurisdiction. Thus, the only issue this memorandum will address is "whether Mr. Cruz was fraudulently joined?"

The Fourth Circuit addressed the issue of fraudulent joinder in the case of <u>Mayes v. Rapoport</u>, in which it stated that:

> In order to establish that a nondiverse defendant has been fraudulently joined, **the removing party must establish either: that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.** Marshall, 6 F.3d at 232 (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)) (alteration in original; quotation omitted). "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Marshall, 6 F.3d at 232-33 (citing Poulos, 959 F.2d at 73). We recently noted that "this standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). Further, in determining "whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" AIDS Counseling and Testing Centers, 903 F.2d at 1004 (quoting Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964)). <u>Mayes v. Rapoport</u>, 198 F.3d 457, 464 (4th Cir. Md. 1999).

Additionally, all facts are resolved in the light most favorable to the plaintiff. <u>Id</u>. In 2013, the Fourth Circuit reaffirmed the Mayes holding in the Turner case where it said:

> "We review de novo questions of subject matter jurisdiction, including those relating to the propriety of removal and fraudulent joinder." <u>Mayes v. Rapoport</u>, 198 F.3d 457, 460 (4th Cir. 1999) (internal quotation marks omitted). To properly establish diversity jurisdiction, a defendant seeking removal must show complete diversity among defendants and plaintiffs. <u>Id.</u> at 461. Accordingly, "it [is] difficult for a defendant to remove a case if a nondiverse defendant has been party to the suit." <u>Id.</u>
> A defendant may accomplish this feat, however, through the doctrine of fraudulent joinder, which allows "a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." <u>Id.</u> [T]o establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: that there is <u>no possibility</u> that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. <u>Id.</u> at 464 (internal quotation marks and citation omitted). This is a heavy burden, <u>id.</u>, and a plaintiff's claim against a nondiverse defendant "need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." <u>Marshall v. Manville Sales Corp.</u>, 6 F.3d 229, 233 (4th Cir. 1993). Moreover, when considering the possibility of fraudulent joinder, a district court must resolve all

legal and factual issues in the plaintiff's favor. Mayes, 198 F.3d at 464. Turner v. JP Morgan Chase Bank, N.A., 543 Fed. Appx. 300, 300-301 (4th Cir. Md. 2013).

These cases state with clarity what a defendant must prove to establish fraudulent joinder, namely that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant". One must look to the tort law of Virginia to determine whether the plaintiff has a possibility of establishing a claim against Cruz. (The facts in the Mays case involved a contract action, and the facts in the Turner case involved a statute of limitations issue under Maryland law).

The plaintiff's Complaint alleges that Cruz negligently repaired the elevator and/or cleared the elevator to operate until the circuit board could be repaired, and that this failure actually and proximately caused his injuries. In fact, the other defendants are in this case due to the vicarious nature to their relationship to Cruz. If there is not claim based on Cruz's conduct, there is no case. Thus, it is apparent that the theory the defendants seek to substantiate their fraudulent joinder claim is that Cruz, as an employee, is not liable for the condition of the premises under Virginia law. This issue has been addressed by both the Eastern and Western District Courts in this state.

In Ross v. Lee, 2016 U.S. Dist. LEXIS 14561 (EDVA February 5, 2016), the court considered a motion to remand in a fraudulent joinder case, the Court, in granting remand when the plaintiff claimed a store employee had put a leaking generator in a shopping cart and moved it about the store, creating a slip hazard, that:

> [u]nder Virginia law, an employee of the owner or operator of the premises in an action based on standard premises liability theories may be held liable only for affirmative acts of negligence, not merely because, in the status of employee of the owner or operator, he or she is guilty of an omission.
>
> Beaudoin, 886 F. Supp. at 1302-04 (collecting Virginia cases); see also, e.g., Logan v. Boddie-Noell Enterprises, Inc., 834 F. Supp. 2d 484, 489 (W.D. Va. 2011); Dixon v. S. Boston Corp., 69

Va. Cir. 313 (2005). Stated another way, "[a]n employee may be liable for his own misfeasance (i.e., performance of an affirmative act done improperly, but not for his own nonfeasance (ie., omission to do some act which ought to be performed)." Beaudoin, 886 F. Supp. at 1302-03 (citing Harris v. Morrison, Inc., 32 Va. Cir. 298, 298-99 (1993)) Ross v. Lee, 2016 U.S. Dist. LEXIS 14561, *9 (E.D. Va. Feb. 5, 2016)

In Logan v. Boddie-Noell Enters., this Court retained jurisdiction in a premises case, while finding that "failing to place warning cones can, in no sense, be characterized as an affirmative act of negligence", the Court stated that "under Virginia premises liability law, an employee of a premises' owner or operator can be held liable only for affirmative acts of negligence and not mere omissions". Logan v. Boddie-Noell Enters., 834 F. Supp. 2d 484, 488 (W.D. Va. 2011).

In Myers v. Air Serv Corp., the court granted a remand on a fraudulent joinder issue where it was alleged that the putative fraudulently joined defendant, Aziz, had negligently installed pins in the wheelchair lift, which caused it to collapse and for the plaintiff to be injured. In explaining its basis for remand, the court stated that "it cannot be said that no reasonable basis exists for holding Aziz liable. Aziz was present when the accident occurred, and Plaintiff claims that he is the sole tortfeasor. Under Virginia law, "[b]oth principal and agent are jointly liable to injured third parties for the agent's negligent performance of his common-law duty of reasonable case under the circumstances." Myers v. Air Serv Corp., 2008 U.S. Dist. LEXIS 1836, *6-7 (E.D. Va. Jan. 9, 2008).

In Wilson v. Ford, the plaintiff alleged Ford, an employee of a store, struck her with a shopping cart causing injury. The court, when granting remand over a fraudulent joinder contention, stated that "Virginia law permits joint liability for an employer and employee when an employee commits a wrongful act. *See VanBuren v. Grubb*, 284 Va. 584, 591, 733 S.E.2d 919 (2012) ("It has long been settled in Virginia that 'employers and employees are deemed to be jointly liable and jointly suable for the employee's wrongful act.'")." Wilson v. Ford, 2016 U.S.

Dist. LEXIS 14440, *7 (E.D. Va. Feb. 5, 2016).

The Complaint alleges that Cruz negligently repaired the elevator and/or cleared the elevator to operate until the circuit board could be repaired, which is clearly an affirmative act. Cruz is clearly amenable to suit even though he was working in the scope of his employment when the incident occurred, and made negligent repairs. It is clear that Cruz's employer was not the owner or operator of the location where the subject incident occurred, but that Cruz was simply called in to make a repair. For all of these reasons, and given the state of the law, it is clear that the plaintiff has stated a cause of action under Virginia law against Cruz, and diversity should thus be defeated.

Even if the defendants contended (which the plaintiff is uncertain if this is their contention at this point) that Cruz is fraudulently joined due to the fact that there is "no real intention to get a joint judgment", that argument would fail as well. In the Myers case, the court stated that:

> The United States Court of Appeals for the Fourth Circuit has adopted the standard for fraudulent joinder articulated in *Lewis v. Time Inc.,* 83 F.R.D. 455, 460 (E.D. Cal. 1979). *See AIDS Counseling,* 903 F.2d at 1003. In *Lewis,* the United States District Court for the Eastern District of California held that a joinder is fraudulent when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists. In other words, a joinder is fraudulent if "there [is] no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming." *Lewis,* 83 F.R.D. at 460 (alterations in original) (quoting *Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir. 1962)).
>
> In its brief, Air Serv emphasizes the phrase, "no real intention to get a joint judgment." Based on those words, it claims that Aziz's inclusion is fraudulent, because Aziz is impecunious, and Plaintiff can collect an adverse judgment only from Air Serv. However, Air Serv misinterprets the *Lewis* standard. A defendant's inability to pay a judgment, without more, does not render his joinder fraudulent. A close examination of the United States Court of Appeals for the Fifth Circuit's decision in *Parks v. New York Times Co.,* 308 F.2d 474 (5th Cir. 1962), from which the courts in *Lewis* and *AIDS Counseling* took their fraudulent joinder test, illuminates the true meaning of the phrase in question.
>
> In crafting its rule for fraudulent joinder, the Fifth Circuit incorporated the views expressed in *Moore's Commentary on the United States Judicial Code ("Moore's"). See Parks,* 308 F.2d at 477-78. It quoted the following passage from *Moore's:* **"'If the plaintiff has stated a cause of action against the resident defendant, that is normally sufficient to prevent removal. The motive for joining such a defendant is immaterial,** *even when the defendant is judgment-proof.***'"** *Id.* at 478 (emphasis added) (quoting *Moore's* 234-36 (1949)).

> **Thus, the crucial question pertains to the likelihood of liability, not the likely success of collection efforts.** *See Cordill v. Purdue Pharma, L.P.,* No. 1:02cv121, 2002 U.S. Dist. LEXIS 21476, 2002 WL 31474466, at *2 n.5 (W.D. Va. Nov. 5, 2002) (Jones, J.) (articulating fraudulent joinder standard as "no reasonable basis for predicting liability on the claims alleged" (internal quotation marks omitted)); *see also Carter v. Hitachi Koki U.S.A., Ltd.,* 445 F. Supp. 2d 597, 601-02 (E.D. Va. 2006) **[6]** (finding joinder fraudulent where nondiverse defendant could not be held liable); *Ayoub v. Baggett,* 820 F. Supp. 298, 298 (S.D. Tex. 1993) (finding same where statute precluded claim against nondiverse defendant); *Zogbi v. Federated Dep't Store,* 767 F. Supp. 1037, 1041-42 (C.D. Cal. 1991) (finding same where nondiverse defendants could not be held contractually liable); *Picquet v. Amoco Prod. Co.,* 513 F. Supp. 938, 940 (M.D. La. 1981) (same as *Zogbi*). *But see Linnin v. Michielsens,* 372 F. Supp. 2d 811, 823-24 (E.D. Va. 2005) (inability to pay a judgment is significant). <u>Myers v. Air Serv Corp.</u>, 2008 U.S. Dist. LEXIS 1836, *3-6 (E.D. Va. Jan. 9, 2008)

In the <u>Wilson</u> case, the court addressed this issue as well and stated that:

> The issue in this case concerns the appropriate interpretation of the "no possibility" prong of the test for fraudulent joinder. Recent Fourth Circuit case law articulates the original standard that hinges on the plaintiff's ability to articulate a cause of action as demonstrated by the sufficiency of the facts. *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015); *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015); *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1016 (4th Cir. 2014) (calling this test for fraudulent joinder "our longstanding 'glimmer of hope' test").
>
> Defendants, however, cite the "reasonable, not rigidly applied" interpretation, as articulated in *Linnin*. Def's. Resp. to Pl's Mot. to Remand 3, ECF No. 15 *(citing Linnin v. Michielsens*, 372 F. Supp. 2d 811 (E.D. Va. 2005) ("[T]he no possibility standard is more properly applied not rigidly but reasonably.")) **[6]** In *Linnin* the Court held "no possibility" to mean "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Linnin*, 372 F. Supp. 2d at 819. The Court attributed the interpretation to the "inherent tension" in the Fourth Circuit's prior articulation of the fraudulent joinder test. *Linnin*, 372 F. Supp. 2d at 818 (holding the plaintiff's ability to state a claim and the plaintiff's intention of obtaining a joint judgment are "two different things") *(citing AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (E.D. Va. 1990).
>
> The Fourth Circuit explained fraudulent joinder as:
>
> [A] term of art [that] does not reflect on the integrity of the plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the non-diverse defendant, or *in fact* no cause of action exists. In other words, a joinder is fraudulent if "there [is] no real intention to get a joint judgment, and... there [is] no colorable ground for so claiming."
>
> *AIDS Counseling*, 903 F.2d at 1003. Accordingly, the *AIDS Counseling* standard provides for a finding of fraudulent joinder where either "no cause of action is stated against the non-diverse defendant or in fact no cause of action exists." *Id.* Defendants do not argue that Plaintiff did not or could not state a claim against Ford. ...
>
> Defendants reference two other Eastern District of Virginia District Court cases for support. In *Christian v. Food Lion*, the Court denied the plaintiff's motion to remand finding that plaintiff was more likely to recover from Food Lion because it had "deep pockets" and the plaintiff sought over half a million dollars in damages. *Christian v. Food Lion, LLC, et al.*, Civ. A. No. 4:07-cv-126 (E.D. Va. 2008). Notably, the Court decided *Christian* prior to the Fourth Circuit's *Weidman* decision in 2015. In *Weidman*, the Fourth Circuit upheld a fraudulent joinder claim where the plaintiff had no possibility of success in tort claims against various defendants. *Weidman v. Exxon*

*Mobil Corp.,* 776 F.3d 214, 218 (4th Cir. 2015). **However, in conventionally applying the fraudulent joinder test the Court did not discuss plaintiff's actual ability to recover the judgment from the lower level employees but found plaintiff could not succeed in his claims against these non-diverse defendants.** *Id.* Wilson v. Ford, 2016 U.S. Dist. LEXIS 14440, *5-8 (E.D. Va. Feb. 5, 2016).

It is evident from both of these cases that all that is required to defeat an allegation of fraudulent joinder is that the plaintiff establish that he has a cause of action against the non-diverse defendant. The non-diverse defendant's ability to pay is immaterial.

The Complaint alleges a claim that is cognizable under Virginia law against a non-diverse defendant. Given the lack of diversity, there is simply no diversity jurisdiction. Wherefore the plaintiff requests the Court grant the Motion to Remand.

                Respectfully submitted,

                **CALEB QUESENBERRY**

By:      s/ D. Adam McKelvey
         of Counsel

D. Adam McKelvey, Esquire (Va. State Bar No. 75174)
CRANDALL & KATT
Attorneys and Counselors at Law
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Telephone:   (540) 342-2000
Facsimile:    (540) 345-3527
dmckelvey@crandalllaw.com

*Counsel for plaintiff*

CERTIFICATE OF SERVICE

I certify that on this 26th day of February, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of filing to the following:

Macel Janoschka, Esq.
Frith, Anderson & Peake
PO Box 1240
Roanoke, VA 24006

Scott Fell, Esq.
KPM Law
2840 Electric Rd # 111
Roanoke, VA 24018

                                                                                                                                                 _____s/D. Adam McKelvey_____
                                                                                                                                                     D. Adam McKelvey