# VIRGINIA

## IN THE CIRCUIT COURT OF THE CITY OF ROANOKE

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE W.
FILED

MAR 1 0 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

CALEB QUESENBERRY

           Plaintiff,

V.              Case Number: CL16-27
                      7:16-CV-66

SOUTHERN ELEVATOR
COMPANY, INC., et al,

           Defendants.

Upon request of the United States District Court, as stated in its letter and by

Court Order entered _2-19-16_ , and filed in this office; the above captioned

file of the Circuit Court of the City of Roanoke, Virginia has this _10th_

day of _March_ , _2016_ , been (hand delivered)(mailed) to; United States

District Court for the Western District of Virginia

Delivered (sent) By:    Title:    Date:

_Wanda H Hudson_    Deputy Clerk  _3-10-16_

Received By:(*)    Title:    Date:

_Melvin_     _Deputy Clerk_   _3/10/16_

*(If file was to be mailed-this line should reflect when & how mailed.)

This document is to be placed in the Circuit Court Clerk's Office, in the original

location of transferred file.  It will be noted in computer, CMS-hear/disp. screen in

"remarks".  When the original file is returned to this office, the date of return and

signature of Deputy Clerk receiving the file, will be indicated below and this

document will be placed inside the file, top, right hand side. The file will again be noted

in computer, CMS-hear/disp. "remarks" section the date of return.

_____      _____
Date returned             Deputy Clerk

VIRGINIA

### IN THE CIRCUIT COURT OF THE CITY OF ROANOKE

CALEB QUESENBERRY

Plaintiff,

V.                                                    Case Number: CL16-27
                                                      7:16-CV-66
SOUTHERN ELEVATOR
COMPANY, INC., et al,

Defendants.

The United States District Court for the Western District of Virginia having requested that the original case file in this case be forwarded to that Court, to which this case has been removed under the applicable provisions of federal law, it is ADJUDGED AND ORDERED that the Clerk forward and transmit such case file to the Clerk of the United States District Court for the Western District of Virginia, and thereupon strike the matter from the pending docket of this Court, sending copies of this Order to all counsel of record.

Enter: 2/25/16

_____
                              Judge

A COPY TESTE: BRENDA S. HAMILTON, CLERK
By_____ Deputy Clerk

**CIRCUIT COURT**
Received Order From

WDB ☑   CRW ☐
DBC ☐   CND ☐

On   FEB 2 5 2016

By _Janet A Collier_
     Deputy Clerk
     City of Roanoke

Regarding the decree or order to which
this stamp is affixed. I certify that on
_March 10_ , 20 _16_
I delivered a certified copy to:
_Workowski, McKelvey, US Dist Ct_
_Wanda H Wieda_
Deputy Clerk Circuit Court, City of Roanoke



# FRITH
# ANDERSON
# & PEAKE PC
### ATTORNEYS AT LAW

TELEPHONE 540.772.4600
FACSIMILE 540.772.9167
MJANOSCHKA@FAPLAWFIRM.COM
DIRECT DIAL 540.725.3367

29 FRANKLIN ROAD, SW
ROANOKE, VIRGINIA 24011
P.O. BOX 1240
ROANOKE, VIRGINIA 24006-1240

February 19, 2016

*__Via U.S. Mail__*

Brenda S. Hamilton
Roanoke City Circuit Court
315 W. Church Avenue, SW.
Roanoke, VA 24016

CIRCUIT COURT
Received & Filed
*3:00am*
FEB 22 2016
By *Wanda Smith*
Deputy Clerk
CITY OF ROANOKE

> Re: *Caleb Quesenberry v. Southern Elevator Company, Inc. Northern Management*
> *Services, Inc. & L. Cruz*
> Roanoke City Circuit Court Case No.: CL16-27

Dear Ms. Hamilton:

Enclosed please find Defendant's Notice of Filing and Notice of Removal of Action Under 28 U.S.C.§§1441(a) with regard to the above-referenced matter. By copy of this correspondence to counsel of record, we are providing a copy of the same

We thank you for your time and assistance in this matter. Should you have any questions, please do not hesitate to contact our office.

Sincerely,

FRITH ANDERSON & PEAKE, PC

Macel H. Janoschka

/mae
Enclosures
c: D. Adam McKelvey, Esq. *(via Email and U.S. Mail)*
M. Scott Fell, Esq. *(via Email and U.S. Mail)*

SDA

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

CALEB QUESENBERRY,                    )
                                      )
          Plaintiff,                  )
                                      )
v.                                    )
                                      )        Case No. CL16-27
SOUTHERN ELEVATOR                     )
COMPANY, INC.,                        )
                                      )
NORTHERN MANAGEMENT                   )
SERVICES, INC.,                       )
                                      )
and                                   )
                                      )
L. CRUZ,                              )
                                      )
          Defendants.                 )

CIRCUIT COURT
Received & Filed
FEB 22 2016
By_____
Deputy Clerk
CITY OF ROANOKE

## NOTICE OF FILING AND NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.§§1441(a)

**PLEASE TAKE NOTICE** that on this date, the defendants, Southern Elevator Company, Inc. and L. Cruz, by counsel, filed a Notice of Removal to the United States District Court for the Western District of Virginia, Roanoke Division. Attached hereto is a true and correct copy of the Notice of Removal.

Please take further notice, that pursuant to 28 U.S.C. §1446(d), the filing of such Notice in the United States District Court, together with the filing of the copy of the Notice with this Court, effects the removal of this action and this Court may proceed no further unless and until the case is remanded.

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

{940/0003/JAVS/00371545.DOCX }

Respectfully submitted,

SOUTHERN ELEVATOR COMPANY, INC.
and  LOUIS CRUZ

By: _____
                          Of Counsel

Sean C. Workowski (VSB No. 36120)
Macel H. Janoschka (VSB No. 73050)
FRITH ANDERSON & PEAKE, P.C.
29 Franklin Road, S.W.
Post Office Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:    540/772-9167
Email: sworkowski@faplawfirm.com
        mjanoschka@faplawfirm.com
*Counsel for Defendants Southern Elevator Company, Inc. and Louis Cruz*



FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

## CERTIFICATE OF SERVICE

I hereby certify that on the _19_ day of February, 2016, I served the foregoing Notice of

Filing Notice of Removal first class mail upon:

D. Adam McKelvey
Crandall & Katt
366 Elm Avenue, S.W.
Roanoke, VA 24016
*Counsel for Plaintiff*

_____ Of Counsel

FRITH
ANDERSON
& PEAKE pc
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

 CT Corporation

**Service of Process Transmittal**
01/20/2016
CT Log Number 528496785

**TO:**   David A Anderson
Richardson Plowden & Robinson, P.A.
1600 Marion St
Columbia, SC 29201-2913

**RE:**   **Process Served in Virginia**

**FOR:**   SOUTHERN ELEVATOR COMPANY, INC.   (Domestic State: NC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CALEB QUESENBERRY, Pltf. vs. SOUTHERN ELEVATOR COMPANY, INC., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Proof of Service, Summons, Complaint, First Interrogatory |
| **COURT/AGENCY:** | Roanoke City Circuit Court, VA<br>Case # 770CL1600002700 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - August 11, 2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/20/2016 at 08:45 |
| **JURISDICTION SERVED :** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after such service |
| **ATTORNEY(S) / SENDER(S):** | D. Adam McKelvey<br>Crandall & Katt<br>366 Elm Avenue S.W.<br>Roanoke, VA 24016<br>540-342-2000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 782206480446 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 4701 Cox Road<br>Suite 285<br>Glen Allen, VA 23060 |
| **TELEPHONE:** | 804-217-7255 |

Page 1 of 1 / SH

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

**EXHIBIT**
A

# COMMONWEALTH OF VIRGINIA



## ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

Proof of Service

Virginia:
In the ROANOKE CITY CIRCUIT COURT

Case number: 770CL16000027-00
Service number: 002
Service filed: January 06, 2016

Served by: SPECIAL PROCESS SERVER
Style of case: CALEB QUESENBERRY vs SOUTHERN ELEVATOR COMPANY INC
Service on: CT CORPORATION SYSTEM
    REGISTERED AGENT FOR
    SOUTHERN ELEVATOR COMPANY INC
    4701 COX ROAD SUITE 285
    GLEN ALLEN VA 23060

Judge:
Attorney: MCKELVEY, D ADAM
540-342-2000
Proper attire required in Court Rooms
NO shorts
NO halters/tank tops
NO flip-flop shoes
NO t-shirts
NO hats
NO food, drinks or gum
NO cell phones in Courthouse

Instructions:

Returns shall be made hereon, showing service of Summons issued Wednesday, January 06, 2016 with a copy of the
Complaint filed Wednesday, January 06, 2016 attached.

Hearing date :
Service issued: Wednesday, January 06, 2016

---

### For Sheriff Use Only

# COMMONWEALTH OF VIRGINIA



ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

Summons

To: CT CORPORATION SYSTEM
REGISTERED AGENT FOR
SOUTHERN ELEVATOR COMPANY INC
4701 COX ROAD SUITE 285
GLEN ALLEN VA 23060

Case No. 770CL16000027-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, January 06, 2016

Clerk of Court: BRENDA S. HAMILTON

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: MCKELVEY, D ADAM
540-342-2000

# COMMONWEALTH OF VIRGINIA



ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

Proof of Service

Virginia:
In the ROANOKE CITY CIRCUIT COURT

Case number: 770CL16000027-00
Service number: 001
Service filed: January 06, 2016

Served by:SPECIAL PROCESS SERVER                    Judge:
Style of case: CALEB QUESENBERRY vs SOUTHERN ELEVATOR COMPANY INC
Service on: CT CORPORATION SYSTEM              Attorney: MCKELVEY, D ADAM
          REGISTERED AGENT FOR                 540-342-2000
          NORTHERN MANAGEMENT SERVICES         **Proper attire required in Court Rooms**
          4701 COX ROAD SUITE 285                  **NO shorts**
          GLEN ALLEN VA 23060                      **NO halters/tank tops**
                                                   **NO flip-flop shoes**
                                                   **NO t-shirts**
                                                   **NO hats**
                                                   **NO food, drinks or gum**
                                                   **NO cell phones in Courthouse**

Instructions:

Returns shall be made hereon, showing service of Summons issued Wednesday, January 06, 2016 with a copy of the Complaint filed Wednesday, January 06, 2016 attached.

Hearing date  :
Service issued: Wednesday, January 06, 2016

─────────────────────────────────────────────────────────

For Sheriff Use Only

# COMMONWEALTH OF VIRGINIA



ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

Summons

To: CT CORPORATION SYSTEM
REGISTERED AGENT FOR
NORTHERN MANAGEMENT SERVICES
4701 COX ROAD SUITE 285
GLEN ALLEN VA 23060

Case No. 770CL16000027-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, January 06, 2016

Clerk of Court: BRENDA S. HAMILTON

by _____
(CLERK/DEPUTY CLERK)

Instructions:


Hearing Official:



Attorney's name:   MCKELVEY, D ADAM
                   540-342-2000

**SERVICE OTHER THAN BY VIRGINIA SHERIFF**     Case No. 77OCL16000027-00

COMMONWEALTH OF VIRGINIA
VA. CODE §§ 8.01-293, 8.01-320, 8.01-325

Roanoke City _____ Circuit Court

Caleb Quesinberry _____ v. Southern Elevator Company Inc

CT Corporation System R/A Northern Management Service 4701 Cox Rd Suite 285 Glen Allen VA 23060

is the name and address of the person upon whom service of the following is to be made:

[X] Summons and Complaint

[ ] .................................................................

I, the undersigned, swear/affirm that
1. [ ] I am an official or an employee of an official who is authorized to serve process of the type described in the attached Proof of Service and my title and bailiwick are as follows:

    .................................................................
    or,

    [X] I am a private process server (list name, address and telephone number below).
    Damian Spradlin  1990 Alean rd. Wirtz VA 24184     540·529·3592

2. I am not a party to, or otherwise interested in, the subject matter in controversy in this case.
3. I am 18 years of age or older.
4. I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.
   — Date and time of service: 1-20-16    8:45AM
   — Place of service: 4701 Cox Rd Suite 285 Glen Allen VA
     STREET ADDRESS, CITY AND STATE
   — Method of service:

| | |
|---|---|
| [X] Personal Service | [ ] Not Found |

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivery to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of person to be served after giving information of its purport. List name, age of recipient, and relation of recipient to party ...............

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode (other authorized recipient not found).

[ ] (Garnishment Summons Only, § 8.01-511) Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

DATE OF MAILING

CIRCUIT COURT
Received & Filed
JAN 25 2016
Deputy Clerk
CITY OF ROANOKE

1-20-16
DATE

SIGNATURE

Name (Print or Type) Damian Spradlin

State/Commonwealth of Virginia , [X] City [ ] County of Roanoke

Subscribed and sworn to/affirmed before me this ........ day of ................................, 20 ....

by Damian Spradlin
PRINT NAME OF SIGNATORY

Private Process Server
TITLE

1/21
DATE

NOTARY (My commission expires 4/30/18 )
Registration No. 7595173

TAYLOR MacKENZIE REEDY
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7595123
My Commission Expires April 30, 2018

## Service Authorization
## CT Corporation System

CT Corporation System ("CT") is registered agent for service of process for numerous corporations and similar entities. CT receives the process only in its capacity as a commercial registered agent. The individuals designated below are employees of CT Corporation System and in receiving the process, do so only on CT's behalf and in CT's capacity as registered agent.

**PLEASE NOTE**: The Code of Virginia §§ 13.1-634 provides in part:

> "Registered office and registered agent.
> A....
>
> B. The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

***As such, neither CT Corporation System, nor its individual employees designated below, have the duty or the ability to respond to any legal process, notice or demand that is served on CT's clients.***

The following natural persons are designated in the office of the registered agent upon whom any process, notice or demand may be served:

Lisa Uttech          Katie Bush          Teresa Brown          Jabrel Samuel

This authorization does not certify the receipt or acceptance of any specific process.

_____

Lisa Uttech
Corporate Operations Manager
CT Corporation System

State of Virginia
County of Henrico

This day personally appeared before me, Lisa Uttech, who name is signed above and who, being first duly sworn, state that the foregoing Affidavit is true to the best of her knowledge and belief. Subscribed and sworn before me this 14th day of December, 2015.

_____
Notary Public

> **Teresa Michelle Brown**
> Notary Public, Commonwealth of Virginia
> My Commission Expires August 31, 2017
> Commission ID #266304

**SERVICE OTHER THAN BY VIRGINIA SHERIFF**     Case No. 7704L/6000027-00

COMMONWEALTH OF VIRGINIA
VA. CODE §§ 8.01-293, 8.01-320, 8.01-325

_____ Roanoke City _____ Circuit Court

_____ Caleb Rosenberry _____ v. Southern Elevator Company Inc

CT Corporation System R/A for Southern Elevator Company Inc 4701 Cox Rd Suite 285 Glen Allen VA 23060

is the name and address of the person upon whom service of the following is to be made:

[X] Summons and Complaint

[ ] .........................................................................

I, the undersigned, swear/affirm that

1.  [ ] I am an official or an employee of an official who is authorized to serve process of the type described in the
       attached Proof of Service and my title and bailiwick are as follows:

       .........................................................................

       or,

       [X] I am a private process server (list name, address and telephone number below).
       Damian Spradlin  1990 Alean rd. Wirtz VA 24184   540-529-3592

2.  I am not a party to, or otherwise interested in, the subject matter in controversy in this case.
3.  I am 18 years of age or older.
4.  I served, as shown below, the above-named person upon whom service of process was to be made with copies described
    above.
    — Date and time of service: 1-20-16       845am
    — Place of service: 4701 Cox Rd Suite 285  Glen Allen VA
                                   STREET ADDRESS, CITY AND STATE
    — Method of service:

| [X] Personal Service | [ ] Not Found |
|---|---|

[ ] Being unable to make personal service, a copy was delivered in the following manner:

   [ ] Delivery to family member (not temporary sojourner or guest) age 16 or older at
       usual place of abode of person to be served after giving information of its purport.
       List name, age of recipient, and relation of recipient to party .........................

   [ ] Posted on front door or such other door as appears to be the main entrance of usual
       place of abode (other authorized recipient not found).

   [ ] (Garnishment Summons Only, § 8.01-511) Copy mailed to judgment debtor after
       serving the garnishee on date of service below unless a different date of mailing is
       shown.

                          DATE OF MAILING

**CIRCUIT COURT**
Received & Filed
4:30pm
JAN 2 5 2016
Deputy Clerk
CITY OF ROANOKE

1-20-16                              _____
DATE                                    SIGNATURE

Name (Print or Type) Damian Spradlin

State/Commonwealth of Virginia _____, [X] City [ ] County of Roanoke

Subscribed and sworn to/affirmed before me this _____ day of _____, 20 ____

by Damian Spradlin                          Private Process Server
   PRINT NAME OF SIGNER                          TITLE

1/21/16                                      Daph M. Reedy   4/30/18

TAYLOR MACKENZIE REEDY
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7595123
Commission Expires April 30, 2018

NOTARY PUBLIC (My commission expires 4/30/18 )
Registration No. 7595123

## Service Authorization
## CT Corporation System

CT Corporation System ("CT") is registered agent for service of process for numerous corporations and similar entities. CT receives the process only in its capacity as a commercial registered agent. The individuals designated below are employees of CT Corporation System and in receiving the process, do so only on CT's behalf and in CT's capacity as registered agent.

**PLEASE NOTE**: The Code of Virginia §§ 13.1-634 provides in part:

"Registered office and registered agent.
A....

B. The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

*__As such, neither CT Corporation System, nor its individual employees designated below, have the duty or the ability to respond to any legal process, notice or demand that is served on CT's clients.__*

The following natural persons are designated in the office of the registered agent upon whom any process, notice or demand may be served:

Lisa Uttech          Katie Bush          Teresa Brown          Jabrel Samuel

This authorization does not certify the receipt or acceptance of any specific process.

_____

Lisa Uttech
Corporate Operations Manager
CT Corporation System

State of Virginia
County of Henrico

This day personally appeared before me, Lisa Uttech, who name is signed above and who, being first duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and belief.
Subscribed and sworn before me this 14th day of December, 2015.

_____
Notary Public

Teresa Michelle Brown
Notary Public, Commonwealth of Virginia
My Commission Expires August 31, 2017
Commission ID #286304

VIRGINIA:   IN THE ROANOKE CITY CIRCUIT COURT

CALEB QUESENBERRY,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )          Case No. _OL16-27_
                                  )
SOUTHERN ELEVATOR                 )
COMPANY, INC.,                    )
                                  )
NORTHERN MANAGEMENT               )
SERVICES, INC.,                   )
                                  )
&                                 )
                                  )
L. CRUZ,                          )
                                  )
        Defendants.               )

## COMPLAINT

COMES NOW the plaintiff, CALEB QUESENBERRY ("plaintiff"), by counsel, and

moves this Court for judgment against defendants SOUTHERN ELEVATOR COMPANY,

INC. ("Southern"), NORTHERN MANAGEMENT SERVICES, INC. ("Northern"), and

L. CRUZ ("Cruz") (collectively "defendants"), jointly and severally, on the grounds and in

the amounts as hereinafter set forth:

1.      At all relevant times hereto, the plaintiff was an employee that worked at the

Poff Federal Building ("subject premises") in Roanoke, Virginia, and was a resident and

citizen of the Commonwealth of Virginia.

2.      At all relevant times hereto, Northern was a corporation organized and

existing under the laws of the State of Idaho, with minimum contacts with the

Commonwealth of Virginia.

3.      At all relevant times hereto, Southern was a corporation organized and existing under the laws of the State of North Carolina, with minimum contacts with the Commonwealth of Virginia.

4.      At all relevant times hereto, L. Cruz was, upon information and belief, a citizen and resident of the Commonwealth of Virginia who was employed at all relevant times by Southern and acting within the scope and course of employment for the same, such that he received pay for the work that he did from Southern, and on the date of the subject incident, was working under the dispatch of, and for the business benefit of, Southern.

5.      On or about August 11, 2014, the plaintiff was at the subject location and was using an elevator to move about the Poff Building, when said elevator malfunctioned, moved abruptly, and caused the plaintiff physical injury.

6.      At the time and place aforesaid, Northern was under a contract with the General Services Administration, an agency of the federal government, to provide maintenance and repair services for the Poff Building, including the elevators.

7.      At the time and place aforesaid, Northern had entered into a contract with Southern for the maintenance and repair of the elevators at the subject location.

8.      On August 11, 2014 at approximately 10:50 a.m. the elevator on which the plaintiff was located malfunctioned, and Cruz was dispatched on behalf of Southern to service said elevator.

9.      The fault code displayed at the 10:50 a.m. service call was a "QPRAM Comm. Failure/warn" code which is indicative of, among other things, a broken circuit board.

10. Cruz ran tests that checked for other failures, all of which were, upon information and belief, negative, and placed the elevator back in service.

11. At the time of the service call, based upon the troubleshooting guide for the subject elevator and/or Cruz's specialized training, education and experience, Cruz knew, or should have known, that the "QPRAM Comm. Failure/warn" code could indicate a broken circuit board.

12. In spite of the abovementioned knowledge, the presence of at least three other operable elevators in the vicinity and several others building wide, and knowledge that there was no way for anyone to test whether the circuit board was in fact broken on site, Cruz placed the elevator back in service without replacing the circuit board, or taking the elevator out of service.

13. At approximately 1:30 pm on the same date, the plaintiff entered the elevator, and while located therein and in transit, the elevator dropped at a high rate of speed for a considerable distance, actually and proximately causing the plaintiff's physical injuries.

14. Upon inspection of the elevator after the plaintiff's injury, the "QPRAM Comm. Failure/warn code" was displayed, and there was a tripped speed governor switch, which is indicative of a free fall. The combination of these two findings, and the subsequent testing of the circuit board, which should have been done as part of the first service call, establish that the circuit board was in fact broken.

15. The circuit board on this elevator controls and governs the speed of the elevator when traveling, among other things. The broken circuit board on the subject

elevator at the time of the plaintiff's injury is the actual and proximate cause of the elevator's malfunction, and the plaintiff's injuries.

16.     At all relevant times hereto, Northern, in order to obtain greater profits from its abovementioned contract with the GSA, refused to authorize adequate elevator inspections, repairs and servicing such that problems like the one mentioned herein occurred. Northern is in the business of building maintenance and exercised such a significant degree of control over Southern and Cruz, and was thus their employer.

17.     Northern, by contract with the GSA, was obligated to keep the elevator on which the plaintiff was injured in safe working order. Further, the plaintiff, as an employee of the federal government who worked in the Poff Building, is clearly a foreseeable beneficiary of the aforesaid contract.

18.     The defendants had an actual, assumed and/or vicarious duty to use ordinary care in the maintenance and repair of the aforesaid elevator on which the plaintiff was injured.

19.     Notwithstanding their aforesaid duties, the defendants negligently failed to maintain and repair the elevator after the first malfunction, for the reasons stated herein, incorporated by reference, actually and proximately causing the plaintiff's injuries.

20.     The conduct of Cruz in spite of his specialized training and knowledge, constituted willful and wanton conduct such that punitive damages are appropriate, for the reasons stated herein, and specifically do to the fact that the troubleshooting guide suggested the replacement and testing of the circuit board as a solution to the fault code displayed prior to the plaintiff's injury.

21.     Northern and Southern are vicariously liable for the conduct of Cruz, due to the fact that they are both his employers, for the reasons stated herein.

22.     As an actual and proximate result of the negligent conduct alleged herein, the plaintiff was caused to suffer severe injury, pain, mental anguish, inconvenience, and to incur lost time from work as a result of the injuries, and medical expenses in an effort to be cured of the aforesaid injuries.

23.     The plaintiff did not fail to mitigate his damages, did not assume the risk of injury, nor was he contributorily negligent.

24.     A trial by jury is requested.

WHEREFORE the plaintiff, by counsel, moves this Court for judgment against the defendants, jointly and severally, in the amount of five hundred thousand dollars in compensatory damages, against L. Cruz in the amount of three hundred fifty thousand dollars in punitive damages, pre-judgment interest, post judgment interest, and costs expended.

Respectfully submitted,

**CALEB QUESENBERRY**

By: _____

of Counsel

D. Adam McKelvey, Esquire (Va. State Bar No. 75174)
CRANDALL & KATT
Attorneys and Counselors at Law
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Telephone:    (540) 342-2000
Facsimile:    (540) 345-3527
dmckelvey@crandalllaw.com

*Counsel for plaintiff*

VIRGINIA: IN THE ROANOKE CITY CIRCUIT COURT

CALEB QUESENBERRY,                    )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        Case No. _CL16-27_
                                      )
SOUTHERN ELEVATOR                     )
COMPANY, INC.,                        )
                                      )
NORTHERN MANAGEMENT                   )
SERVICES, INC.,                       )
                                      )
&                                     )
                                      )
L. CRUZ,                              )
                                      )
        Defendants.                   )

### PLAINTIFF'S FIRST INTERROGATORY TO DEFENDANTS

    1.    Please state the full legal name, home address and relationship to you of the

"L. Cruz" listed in the Complaint.

Response:

Respectfully submitted,

**CALEB QUESENBERRY**

By:_____

of Counsel

D. Adam McKelvey, Esquire (Va. State Bar No. 75174)
CRANDALL & KATT
Attorneys and Counselors at Law
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Telephone:    (540) 342-2000
Facsimile:    (540) 345-3527
dmckelvey@crandalllaw.com

*Counsel for plaintiff*



# FRITH
# ANDERSON
# & PEAKE, PC
ATTORNEYS AT LAW

TELEPHONE 540.772.4600
FACSIMILE 540.772.9167
MJANOSCHKA@FAPLAWFIRM.COM
DIRECT DIAL 540.725.3367

29 FRANKLIN ROAD, SW
ROANOKE, VIRGINIA 24011
P.O. BOX 1240
ROANOKE, VIRGINIA 24006-1240

February 10, 2016

***VIA HAND DELIVERY***

Brenda S. Hamilton
Roanoke City Circuit Court
315 W. Church Avenue, SW.
Roanoke, VA 24016

Re:     *Caleb Quesenberry v. Southern Elevator Company, Inc. Northern Management
        Services, Inc. & L. Cruz*
        Roanoke City Circuit Court Case No.: CL16-27

Dear Ms. Hamilton:

Enclosed for filing, please find Southern Elevator Company, Inc. and Louis Cruz's Responsive Pleading to Plaintiff's Complaint in the above-referenced matter. We are also enclosing an extra copy of the Responsive Pleading which we request you stamp "FILED" and return in the stamped, self-addressed envelope provided for your convenience. By copy of this correspondence to counsel of record, we are providing a copy of the same

We thank you for your time and assistance in this matter. Should you have any questions, please do not hesitate to contact our office.

Sincerely,

FRITH ANDERSON & PEAKE, PC

Macel H. Janoschka

/mae
Enclosures
c:      D. Adam McKelvey, Esq. *(via email and Hand Delivery)*

VIRGINIA:

## IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

CALEB QUESENBERRY,      )
                         )
      Plaintiff,           )
                         )
v.                         )
                         )     Case No. CL16-27
SOUTHERN ELEVATOR     )
COMPANY, INC.,          )
                         )
NORTHERN MANAGEMENT  )
SERVICES, INC.,          )
                         )
and                      )
                         )
L. CRUZ,               )
                         )
      Defendants.

## RESPONSIVE PLEADING

COME NOW, the defendants, Southern Elevator Company, Inc. and L. Cruz (hereinafter "Louis Cruz"), by counsel, and file this their Responsive Pleading to the Plaintiff's Complaint, and in support thereof, state as follows:

## DEMURRER

COMES NOW, the defendant, Louis Cruz, by counsel, and demurs to the claim for punitive damages contained in Plaintiff's Complaint, on the ground that the factual allegations, even when taken as true, are not sufficient to establish that Defendant Cruz's conduct was willful and wanton and/or was in conscious disregard of the rights and safety of others, and specifically, the Plaintiff.

Wherefore, based upon the foregoing, Louis Cruz, by counsel, respectfully requests that the plaintiff's claim for punitive damages be dismissed.

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

{940/0003/MAE/00370146.DOC }

## ANSWER

COME NOW, the defendants, Southern Elevator Company, Inc. and Louis Cruz, by counsel, and file this their Answer in response to Plaintiff's Complaint herein, and in support thereof states as follows:

1.     That in response to paragraph 1 of the Plaintiff's Complaint, Defendants Southern Elevator Company, Inc. and Louis Cruz are without sufficient knowledge to admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.     That in response to paragraph 2 of the Plaintiff's Complaint, Defendants Southern Elevator Company, Inc. and Louis Cruz are without sufficient knowledge to admit or deny the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.     That Defendants Southern Elevator Company, Inc. and Louis Cruz admit the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.     That Defendants Southern Elevator Company, Inc. and Louis Cruz admit the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.     That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.     That Defendants Southern Elevator Company, Inc. and Louis Cruz admit the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.     That Defendants Southern Elevator Company, Inc. and Louis Cruz admit the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.     That with regard to the allegations contained within paragraph 8 of the Plaintiff's complaint, Defendants Southern Elevator Company, Inc. and Louis Cruz admit only that Louis

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

Cruz was dispatched to service the elevator on August 11, 2014. All other allegations contained in paragraph 8 of the Plaintiff's Complaint are denied.

9. That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10. With regard to the allegations contained in paragraph 10 of the Plaintiff's Complaint, Defendants Southern Elevator Company, Inc. and Louis Cruz admit only that Mr. Cruz rant tests on the elevator and, after finding no problems with the elevator, returned it to service. All other allegations contained in paragraph 10 of the Plaintiff's Complaint are denied.

11. That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12. That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13. That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14. That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15. That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16. The allegations in paragraph 16 are not directed to these defendants and thus a response to these allegations in not required by these defendants. To the extent a response is required, these defendants are without sufficient information to admit or deny the allegations in paragraph 16 and thus those allegations are denied.

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

17.     The allegations in paragraph 17 are not directed to these defendants and thus a response to these allegations in not required by these defendants. To the extent a response is required, these defendants are without sufficient information to admit or deny the allegations in paragraph 17 and thus those allegations are denied.

18.     That the allegations in paragraph 18 of the Plaintiff's Complaint are mere allegations of legal duties to which a response is not required. To the extent a response is required, the allegations are denied.

19.     That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.     That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.     With regard to the allegations contained in paragraph 21 of the Plaintiff's Complaint, that Defendants Southern Elevator Company, Inc. and Louis Cruz admit that Southern Elevator was his employer at the time of the alleged accident and that Southern Elevator is vicariously liable for the conduct of Cruz with regard to the repair of the elevator. All other allegations contained within paragraph 21 of the Plaintiff's Complaint are denied.

22.     That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained within paragraph 22 of the Plaintiff's Complaint and call upon the Plaintiff for strict proof of each and every item of alleged injury and damage.

23.     That Defendants Southern Elevator Company, Inc. and Louis Cruz are without sufficient knowledge to admit or deny the allegations contained in paragraph 23 of the Plaintiff's Complaint. To the extent a response is required, the allegations are denied. Defendants expressly

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

reserve the right to rely on any of these affirmative defenses should they be supported by the evidence.

24.     That Defendants Southern Elevator Company, Inc. and Louis Cruz deny being liable to the Plaintiff for the amount alleged in the Complaint or for any other amount whatsoever.

25.     That Defendants Southern Elevator Company, Inc. and Louis Cruz deny breaching any legal duty owed to the Plaintiff.

26.     That Defendants Southern Elevator Company, Inc. and Louis Cruz reserve the right to later assert any affirmative defenses supported by the evidence.

27.     That the Complaint fails to state grounds sufficient for an award for punitive damages. The Demurrer set forth above is incorporated herein by reference.

28.     That all allegations in the Complaint not expressly admitted herein are denied.

29.     A trial by jury is demanded.

Respectfully submitted,

SOUTHERN ELEVATOR COMPANY, INC.
AND LOUIS CRUZ

By: 
                              Of Counsel

Sean C. Workowski (VSB No. 36120)
Macel H. Janoschka (VSB No. 73050)
FRITH ANDERSON & PEAKE, P.C.
29 Franklin Road, S.W.
Post Office Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:    540/772-9167
Email: sworkowski@faplawfirm.com
        mjanoschka@faplawfirm.com
*Counsel for Defendant Southern Elevator Company, Inc. and Louis Cruz*

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

{940/0003/MAE/00370146.DOC }

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February, 2016, I served the foregoing Responsive Pleading via email and hand delivery upon:

D. Adam McKelvey
Crandall & Katt
366 Elm Avenue, S.W.
Roanoke, VA 24016
*Counsel for Plaintiff*

_____
Of Counsel

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

{940/0003/MAE/00370146.DOC }

**M. Scott Fell**

Please Reply: Western Virginia Office
Direct Dial: (540) 776-3583
E-mail: scott.fell@kpmlaw.com
Website: www.kpmlaw.com
File No.: 1673

# KPM LAW

KALBAUGH PFUND & MESSERSMITH, P.C.

**CENTRAL VIRGINIA**

901 Moorefield Park Drive
Suite 200
Richmond, Virginia 23236
p 804.320.6300
f 804.320.6312

**NORTHERN VIRGINIA**

3950 University Drive
Suite 204
Fairfax, Virginia 22030
p 703.691.3331
f 703.691.3332

**EASTERN VIRGINIA**

555 East Main Street
Suite 1200
Norfolk, Virginia 23510
p 757.623.4500
f 757.623.5700

**WESTERN VIRGINIA**

2840 Electric Road
Suite 111
Roanoke, Virginia 24018
p 540.776.3583
f 540.776.1542

February 18, 2016

**CIRCUIT COURT**
Received & Filed
FEB 18 2016
By _____
Deputy Clerk
CITY OF ROANOKE

**HAND DELIVERED**
Brenda S. Hamilton, Clerk
Roanoke City Circuit Court
Post Office Box 2610
Roanoke, Virginia 24010-2610

RE:     Caleb Quesenberry v. Southern Elevator Company,
        Inc. and Northern Management Services, Inc. and L.
        Cruz
        Court File No.: CL16-27

Dear Ms. Hamilton:

        Please find enclosed Northern Management Services,
Inc.'s Demurrer and Answer for filing in the above referenced
matter.

        If you have any questions, please do not hesitate to
contact me.

        Very truly yours,

        M. Scott Fell

MSF/chc

cc:     D. Adam McKelvey, Esquire
        Macel H. Janoschka, Esquire

CIRCUIT COURT
Received & Filed
*11:55AM*
FEB 18 2016

By_____
Deputy Clerk
CITY OF ROANOKE

**VIRGINIA:**

### IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

**CALEB QUESENBERRY**                                                          **Plaintiff,**

**v.**                                                                    **Case No.: CL16-27**

**SOUTHERN ELEVATOR COMPANY, INC.,**

**NORTHERN MANAGEMENT SERVICES, INC.,**

**AND**

**L. CRUZ,**                                                                    **Defendants.**

### DEMURRER TO CLAIM FOR PUNITIVE DAMAGES

COMES NOW Defendant, Northern Management Services, Inc., by counsel, and demurs to Plaintiff's claim for punitive damages as the Complaint fails to state facts upon which punitive damages may be granted. As support for this demurrer, Defendant states the following:

1.      "In order to support an award of punitive damages in a personal injury case, the evidence must establish that the defendant's conduct was so willful or wanton as to show a conscious disregard for the rights of others." *Huffman v. Love*, 245 Va. 311, 313-14 (1993).

2.      "Willful and wanton negligence, unlike gross or ordinary negligence, requires an actual or constructive consciousness that injury will result from the act done or omitted." *Alfonso v. Robinson*, 257 Va. 540, 545 (1999).

3.      "Negligence conveys the idea of heedlessness, inattention, inadvertence; willfulness and wantonness convey the idea of purpose or design, actual or constructive." *Thomas v. Snow*, 162 Va. 654, 660 (1934).

4.      The Complaint alleges that the broken circuit board is the actual and proximate cause of the elevator's malfunction and plaintiff's injuries (*Pl. Compl.* ¶15) and that at the time

of Cruz' service call, based upon the troubleshooting guide and his training and experience "Cruz knew, or should have known, that the 'QPRAM Comm. Failure/warn' code could indicate a broken circuit board. *Pl. Compl.* ¶ 11.

5.     However, the Complaint also states that "QPRAM Comm. Failure/warn" code can indicate "*among other things*, a broken circuit board" (Emphasis added, *Pl. Compl.* ¶ 9) and that "Cruz ran tests that checked for other failures, all of which were, upon information and belief, negative" (*Pl. Compl.* ¶ 10).

6.     The Complaint acknowledges that a number of problems could be indicated by the same code and that Cruz did perform various checks of the elevator prior to placing the elevator back in service.

5.     The Complaint fails to state facts which rise above ordinary negligence, for which punitive damages are not available.

WHEREFORE, Defendant, Northern Management Services, Inc., prays that this Court sustain its demurrer and dismiss Plaintiff's claim for punitive damages.

## ANSWER

Comes now the defendant Northern Management Services, Inc., by counsel without waiving its Demurrer and files this as its Answer.

1.     This defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 1 of the plaintiff's Complaint.

2.     Upon information and belief, the allegations in paragraph 2 of the plaintiff's Complaint are admitted.

3.     The allegations in paragraph 3 of the plaintiff's Complaint do not pertain to this defendant.

4.    The allegations in paragraph 4 of the plaintiff's Complaint do not pertain to this defendant.

5.    The allegations in paragraph 5 of the plaintiff's Complaint are denied and strict proof is demanded.

6.    Upon information and belief, the allegations in paragraph 6 of the plaintiff's Complaint are admitted. This defendant reserves the right to ament this and other responses as may be necessary as the case proceeds and more information becomes available.

7.    Upon information and belief the allegations in paragraph 7 of the plaintiff's Complaint are admitted.

8.    The specific allegations in paragraphs 8, 9, 10. 11. 12. 13. 14 and 15 do not pertain to this defendant, and/or contain conclusions of law and/or exceed the scope of this defendant's current knowledge of the incident. Any allegations of negligence as they may pertain to this defendant are denied.

9.    The allegations in paragraph 16 of the plaintiff's Complaint are denied.

10.    Paragraphs 17 and 18 of the plaintiff's Complaint contain conclusion of law and no response is required. This defendant denies it was negligent in any manner and denies it breached any duty owed the plaintiff.

11.    This defendant denies any allegations in paragraph 19 of the plaintiff's Complaint that pertain to it.

12.    The allegations in paragraph 20 of the plaintiff's Complaint do not pertain to this defendant. Any and all allegations of negligence against this defendant are denied.

13.    The allegations in Paragraphs 21, 22 and 23, as they pertain to this defendant, are denied.

14. Paragraph 24 is acknowledged.

15. This defendant denies being liable to the plaintiff for the amount alleged in the Complaint or for any other amount whatsoever.

16. This defendant denies breaching any legal duty owed to the plaintiff.

17. This defendant reserves the right to assert any affirmative defenses supported by the evidence. These defenses may include contributory negligence, assumption of the risk, failure to mitigate damages, sudden emergency and unavoidable accident. This defendant may also assert that the plaintiff's damages, if proved, were caused by an entity or person not under the control of this defendant.

18. Any allegations not expressly admitted are denied.

19. Trail by jury is demanded.

WHEREFORE, Defendant, Northern Management Services, Inc., prays that this Court dismiss the Complaint filed by Plaintiff and enter judgment in favor of this Defendant, allowing its attorney's fees and costs in this behalf expended.

NORTHERN MANAGEMENT
SERVICES, INC.

By: _____
                    Counsel

M. Scott Fell, Esquire
VSB No.: 30443
Lindsey D. Hunt, Esquire
VSB No.: 82040
KALBAUGH, PFUND & MESSERSMITH, PC
2840 Electric Road, Suite 111
Roanoke, Virginia 24018

Phone: (540) 776-3583
Fax: (540) 776-1542

### CERTIFICATE

I hereby certify that a true and accurate copy of the foregoing Demurrer and Answer was mailed first class, postage pre-paid, on this *18* day of February, 2016 to D. Adam McKelvey, Esquire, Crandall & Katt, 366 Elm Avenue, S.W., Roanoke, Virginia 24016 and Macel H. Janoschka, Esquire, Frith, Anderson & Peake, P.C., Post Office Box 1240, Roanoke, Virginia 24006.

M. Scott Fell

## DEFENDANT NORTHERN MANAGEMENT SERVICES, INC.'S
## CONSENT TO REMOVAL

Northern Management Services, Inc. hereby joins in and consents to the removal of the action styled *Caleb Quesenberry v. Southern Elevator Company, Inc., Northern Management Services, Inc. & L. Cruz*, from the Circuit Court of the City of Roanoke, where it is pending as Case No. CL16-27, to the United States District Court for the Western District of Virginia, Roanoke Division.

Northern Management Services, Inc.

By:_____/s/ M. Scott Fell, Esq._____

Counsel for Northern Management
Services, Inc.

**EXHIBIT**

B

VIRGINIA:

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CALEB QUESENBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. *CL16-27* |
| SOUTHERN ELEVATOR | ) |
| COMPANY, INC., | ) |
| | ) |
| NORTHERN MANAGEMENT | ) |
| SERVICES, INC., | ) |
| | ) |
| and | ) |
| | ) |
| L. CRUZ, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

COME NOW, the defendants, Southern Elevator Company, Inc. and L. Cruz, (hereinafter "Louis Cruz"), by counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, and file this Notice of Removal. The grounds for removal are as follows:

1.      Plaintiff filed his Complaint in the Circuit Court of the City of Roanoke, Virginia, on January 6, 2016, styled *Caleb Quesenberry v. Southern Elevator Company, Inc., Northern Management Services, Inc. & L. Cruz*, Case No. CL16-27, asserting claims against the defendants for negligence.

2.      Southern Elevator Company, Inc. was served with the Complaint through its registered agent CT Corporation System on January 20, 2016.

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

3.     Northern Management Services Inc. was served with the Complaint through its registered agent CT Corporation System on January 20, 2016.

4.     To date, defendant Louis Cruz has not been served with the Complaint.

5.     A copy of the Complaint and Plaintiff's First Interrogatory to Defendants, which were the only pleadings served on the Defendants, all process and the Responsive Pleadings of Southern Elevator Company, Inc., Louis Cruz, and Northern Management Services, Inc. are attached hereto as **Exhibit A.**

6.     This Notice of Removal is timely, as it is filed within thirty (30) days after the Defendants were served with the Plaintiff's Complaint pursuant to 28 U.S.C. § 1446(b).

7.     The Defendants have mailed Plaintiff's counsel written notice of this Notice of Removal, including a copy of the notice.

8.     All defendants have consented in writing to the removal. Northern Management Services, Inc.'s written consent is attached as **Exhibit B.**

9.     The United States District Court for the Western District of Virginia, Roanoke Division, is the District Court having jurisdiction over the place where the state court action is pending.

10.     A copy of this Notice of Removal is being filed with the Clerk for the Circuit Court for the City of Roanoke as required by 28 U.S.C. §1446(d), and is being served upon counsel of record for the Plaintiff.

## ORIGINAL JURISDICTION

11.     The United States District Court for the Western District of Virginia, Roanoke Division, has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332.

12.     Plaintiff, Caleb Quesenberry, is a citizen of the Commonwealth of Virginia.

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

13.     Defendant, Southern Elevator Company, Inc., is a North Carolina Corporation with its principal place of business in Greensboro, North Carolina. Therefore, Southern Elevator Company, Inc. is a citizen of the state of North Carolina.

14.     Defendant, Northern Management Services, Inc., is an Idaho Corporation with its principal place of business in Sandpoint, Idaho. Therefore, Northern Management Services, Inc. is a citizen of the state of Idaho.

15.     Defendant, Louis Cruz, is a natural person who is a resident and citizen of the Commonwealth of Virginia.

16.     It is the contention of Southern Elevator Company, Inc. and Louis Cruz that Mr. Cruz has been fraudulently joined with the express purpose of defeating the Court's jurisdiction and that no legal claim cognizable in the Commonwealth of Virginia lies against Mr. Cruz.

17.     The initial pleadings indicate that the amount in controversy, $500,000, exceeds the jurisdictional requirement.

WHEREFORE, for the reasons set forth above, Southern Elevator Company, Inc. and Louis Cruz, request that Plaintiff's action be removed from the Circuit Court of the City of Roanoke, Virginia, to this Court.

Respectfully submitted,

SOUTHERN ELEVATOR COMPANY, INC.,
and LOUIS CRUZ

By: ___ /s/ ___ Macel H. Janoschka _____
                Of Counsel

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

Sean C. Workowski (VSB No. 36120)
Macel H. Janoschka (VSB No. 73050)
FRITH ANDERSON & PEAKE, P.C.
29 Franklin Road, S.W.
Post Office Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:    540/772-9167
Email: sworkowski@faplawfirm.com
       mjanoschka@faplawfirm.com
*Counsel for Defendants Southern Elevator Company, Inc.,
and Louis Cruz*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

D. Adam McKelvey
Crandall & Katt
366 Elm Avenue, S.W.
Roanoke, VA 24016
*Counsel for Plaintiff*


By: ___ /s/    Macel H. Janoschka _____
                     Of Counsel

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

{940/0003/JANS/00370976.DOCX }

Case 7:16-cv-00066-MFU   Document 18   Filed 03/10/16   Page 77 of 146   Pageid#: 157

**M. Scott Fell**

Please Reply: Western Virginia Office
Direct Dial: (540) 776-3583
E-mail: scott.fell@kpmlaw.com
Website: www.kpmlaw.com
File No.: 1673

# KPM LAW

KALBAUGH PFUND & MESSERSMITH, P.C.

---

**CENTRAL VIRGINIA**

901 Moorefield Park Drive
Suite 200
Richmond, Virginia 23236
p 804.320.6300
f 804.320.6312

---

**NORTHERN VIRGINIA**

3950 University Drive
Suite 204
Fairfax, Virginia 22030
p 703.691.3331
f 703.691.3332

---

**EASTERN VIRGINIA**

555 East Main Street
Suite 1200
Norfolk, Virginia 23510
p 757.623.4500
f 757.623.5700

---

**WESTERN VIRGINIA**

2840 Electric Road
Suite 111
Roanoke, Virginia 24018
p 540.776.3583
f 540.776.1542

February 18, 2016

CIRCUIT COURT
Received & Filed
11:55AM
FEB 18 2016
By_____
Deputy Clerk
CITY OF ROANOKE

**HAND DELIVERED**
Brenda S. Hamilton, Clerk
Roanoke City Circuit Court
Post Office Box 2610
Roanoke, Virginia 24010-2610

RE:     Caleb Quesenberry v. Southern Elevator Company,
        Inc. and Northern Management Services, Inc. and L.
        Cruz
        Court File No.: CL16-27

Dear Ms. Hamilton:

    Please find enclosed Northern Management Services,
Inc.'s Demurrer and Answer for filing in the above referenced
matter.

    If you have any questions, please do not hesitate to
contact me.

            Very truly yours,

            M. Scott Fell

MSF/chc

cc:     D. Adam McKelvey, Esquire
        Macel H. Janoschka, Esquire

CIRCUIT COURT
Received & Filed
11:55AM
FEB 18 2016
By_____
Deputy Clerk
CITY OF ROANOKE

**V I R G I N I A :**

## IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| CALEB QUESENBERRY | Plaintiff, |
| v. | Case No.: CL16-27 |
| SOUTHERN ELEVATOR COMPANY, INC., | |
| NORTHERN MANAGEMENT SERVICES, INC., | |
| AND | |
| L. CRUZ, | Defendants. |

### DEMURRER TO CLAIM FOR PUNITIVE DAMAGES

COMES NOW Defendant, Northern Management Services, Inc., by counsel, and demurs to Plaintiff's claim for punitive damages as the Complaint fails to state facts upon which punitive damages may be granted. As support for this demurrer, Defendant states the following:

1.     "In order to support an award of punitive damages in a personal injury case, the evidence must establish that the defendant's conduct was so willful or wanton as to show a conscious disregard for the rights of others." *Huffman v. Love*, 245 Va. 311, 313-14 (1993).

2.     "Willful and wanton negligence, unlike gross or ordinary negligence, requires an actual or constructive consciousness that injury will result from the act done or omitted." *Alfonso v. Robinson*, 257 Va. 540, 545 (1999).

3.     "Negligence conveys the idea of heedlessness, inattention, inadvertence; willfulness and wantonness convey the idea of purpose or design, actual or constructive." *Thomas v. Snow*, 162 Va. 654, 660 (1934).

4.     The Complaint alleges that the broken circuit board is the actual and proximate cause of the elevator's malfunction and plaintiff's injuries (*Pl. Compl.* ¶15) and that at the time

of Cruz' service call, based upon the troubleshooting guide and his training and experience "Cruz knew, or should have known, that the 'QPRAM Comm. Failure/warn' code could indicate a broken circuit board. *Pl. Compl.* ¶ 11.

5. However, the Complaint also states that "QPRAM Comm. Failure/warn" code can indicate "*among other things*, a broken circuit board" (Emphasis added, *Pl. Compl.* ¶ 9) and that "Cruz ran tests that checked for other failures, all of which were, upon information and belief, negative" (*Pl. Compl.* ¶ 10).

6. The Complaint acknowledges that a number of problems could be indicated by the same code and that Cruz did perform various checks of the elevator prior to placing the elevator back in service.

5. The Complaint fails to state facts which rise above ordinary negligence, for which punitive damages are not available.

WHEREFORE, Defendant, Northern Management Services, Inc., prays that this Court sustain its demurrer and dismiss Plaintiff's claim for punitive damages.

## ANSWER

Comes now the defendant Northern Management Services, Inc., by counsel without waiving its Demurrer and files this as its Answer.

1. This defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 1 of the plaintiff's Complaint.

2. Upon information and belief, the allegations in paragraph 2 of the plaintiff's Complaint are admitted.

3. The allegations in paragraph 3 of the plaintiff's Complaint do not pertain to this defendant.

4.    The allegations in paragraph 4 of the plaintiff's Complaint do not pertain to this defendant.

5.    The allegations in paragraph 5 of the plaintiff's Complaint are denied and strict proof is demanded.

6.    Upon information and belief, the allegations in paragraph 6 of the plaintiff's Complaint are admitted. This defendant reserves the right to ament this and other responses as may be necessary as the case proceeds and more information becomes available.

7.    Upon information and belief the allegations in paragraph 7 of the plaintiff's Complaint are admitted.

8.    The specific allegations in paragraphs 8, 9, 10. 11. 12. 13. 14 and 15 do not pertain to this defendant, and/or contain conclusions of law and/or exceed the scope of this defendant's current knowledge of the incident.  Any allegations of negligence as they may pertain to this defendant are denied.

9.    The allegations in paragraph 16 of the plaintiff's Complaint are denied.

10.    Paragraphs 17 and 18 of the plaintiff's Complaint contain conclusion of law and no response is required.  This defendant denies it was negligent in any manner and denies it breached any duty owed the plaintiff.

11.    This defendant denies any allegations in paragraph 19 of the plaintiff's Complaint that pertain to it.

12.    The allegations in paragraph 20 of the plaintiff's Complaint do not pertain to this defendant.  Any and all allegations of negligence against this defendant are denied.

13.    The allegations in Paragraphs 21, 22 and 23, as they pertain to this defendant, are denied.

14. Paragraph 24 is acknowledged.

15. This defendant denies being liable to the plaintiff for the amount alleged in the Complaint or for any other amount whatsoever.

16. This defendant denies breaching any legal duty owed to the plaintiff.

17. This defendant reserves the right to assert any affirmative defenses supported by the evidence. These defenses may include contributory negligence, assumption of the risk, failure to mitigate damages, sudden emergency and unavoidable accident. This defendant may also assert that the plaintiff's damages, if proved, were caused by an entity or person not under the control of this defendant.

18. Any allegations not expressly admitted are denied.

19. Trail by jury is demanded.

WHEREFORE, Defendant, Northern Management Services, Inc., prays that this Court dismiss the Complaint filed by Plaintiff and enter judgment in favor of this Defendant, allowing its attorney's fees and costs in this behalf expended.

**NORTHERN MANAGEMENT SERVICES, INC.**

By: _____
Counsel

M. Scott Fell, Esquire
VSB No.: 30443
Lindsey D. Hunt, Esquire
VSB No.: 82040
KALBAUGH, PFUND & MESSERSMITH, PC
2840 Electric Road, Suite 111
Roanoke, Virginia 24018

Phone: (540) 776-3583
Fax: (540) 776-1542

## CERTIFICATE

I hereby certify that a true and accurate copy of the foregoing Demurrer and Answer was mailed first class, postage pre-paid, on this *18* day of February, 2016 to D. Adam McKelvey, Esquire, Crandall & Katt, 366 Elm Avenue, S.W., Roanoke, Virginia 24016 and Macel H. Janoschka, Esquire, Frith, Anderson & Peake, P.C., Post Office Box 1240, Roanoke, Virginia 24006.

M. Scott Fell



# FRITH
# ANDERSON
# & PEAKE PC

ATTORNEYS AT LAW

TELEPHONE 540.772.4600
FACSIMILE 540.772.9167
MJANOSCHKA@FAPLAWFIRM.COM
DIRECT DIAL 540.725.3367

29 FRANKLIN ROAD, SW
ROANOKE, VIRGINIA 24011
P.O. BOX 1240
ROANOKE, VIRGINIA 24006-1240

February 10, 2016

**CIRCUIT COURT**
Received & Filed
3:00 pm
FEB 10 2016
By _____ Deputy Clerk
CITY OF ROANOKE

*VIA HAND DELIVERY*

Brenda S. Hamilton
Roanoke City Circuit Court
315 W. Church Avenue, SW.
Roanoke, VA 24016

Re:   *Caleb Quesenberry v. Southern Elevator Company, Inc. Northern Management*
      *Services, Inc. & L. Cruz*
      Roanoke City Circuit Court Case No.: CL16-27

Dear Ms. Hamilton:

Enclosed for filing, please find Southern Elevator Company, Inc. and Louis Cruz's Responsive Pleading to Plaintiff's Complaint in the above-referenced matter. We are also enclosing an extra copy of the Responsive Pleading which we request you stamp "FILED" and return in the stamped, self-addressed envelope provided for your convenience. By copy of this correspondence to counsel of record, we are providing a copy of the same

We thank you for your time and assistance in this matter. Should you have any questions, please do not hesitate to contact our office.

Sincerely,

FRITH ANDERSON & PEAKE, PC

Macell H. Janoschka

/mae
Enclosures
c:    D. Adam McKelvey, Esq. *(via email and Hand Delivery)*

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

CALEB QUESENBERRY,                    )
                                      )
            Plaintiff,                )
                                      )
v.                                    )
                                      )        Case No. CL16-27
SOUTHERN ELEVATOR                     )
COMPANY, INC.,                        )
                                      )
NORTHERN MANAGEMENT                   )        **CIRCUIT COURT**
SERVICES, INC.,                       )        Received & Filed
                                      )        3:10pm
and                                   )        FEB 10 2016
                                      )        By
L. CRUZ,                              )        Deputy Clerk
                                      )        CITY OF ROANOKE
            Defendants.               )

## RESPONSIVE PLEADING

COME NOW, the defendants, Southern Elevator Company, Inc. and L. Cruz (hereinafter "Louis Cruz"), by counsel, and file this their Responsive Pleading to the Plaintiff's Complaint, and in support thereof, state as follows:

## DEMURRER

COMES NOW, the defendant, Louis Cruz, by counsel, and demurs to the claim for punitive damages contained in Plaintiff's Complaint, on the ground that the factual allegations, even when taken as true, are not sufficient to establish that Defendant Cruz's conduct was willful and wanton and/or was in conscious disregard of the rights and safety of others, and specifically, the Plaintiff.

Wherefore, based upon the foregoing, Louis Cruz, by counsel, respectfully requests that the plaintiff's claim for punitive damages be dismissed.

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

## <u>ANSWER</u>

COME NOW, the defendants, Southern Elevator Company, Inc. and Louis Cruz, by counsel, and file this their Answer in response to Plaintiff's Complaint herein, and in support thereof states as follows:

1.      That in response to paragraph 1 of the Plaintiff's Complaint, Defendants Southern Elevator Company, Inc. and Louis Cruz are without sufficient knowledge to admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.      That in response to paragraph 2 of the Plaintiff's Complaint, Defendants Southern Elevator Company, Inc. and Louis Cruz are without sufficient knowledge to admit or deny the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.      That Defendants Southern Elevator Company, Inc. and Louis Cruz admit the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.      That Defendants Southern Elevator Company, Inc. and Louis Cruz admit the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.      That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.      That Defendants Southern Elevator Company, Inc. and Louis Cruz admit the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.      That Defendants Southern Elevator Company, Inc. and Louis Cruz admit the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.      That with regard to the allegations contained within paragraph 8 of the Plaintiff's complaint, Defendants Southern Elevator Company, Inc. and Louis Cruz admit only that Louis

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

Cruz was dispatched to service the elevator on August 11, 2014. All other allegations contained in paragraph 8 of the Plaintiff's Complaint are denied.

9.      That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.      With regard to the allegations contained in paragraph 10 of the Plaintiff's Complaint, Defendants Southern Elevator Company, Inc. and Louis Cruz admit only that Mr. Cruz rant tests on the elevator and, after finding no problems with the elevator, returned it to service. All other allegations contained in paragraph 10 of the Plaintiff's Complaint are denied.

11.      That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.      That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.      That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.      That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.      That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.      The allegations in paragraph 16 are not directed to these defendants and thus a response to these allegations in not required by these defendants. To the extent a response is required, these defendants are without sufficient information to admit or deny the allegations in paragraph 16 and thus those allegations are denied.

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

17.     The allegations in paragraph 17 are not directed to these defendants and thus a response to these allegations in not required by these defendants. To the extent a response is required, these defendants are without sufficient information to admit or deny the allegations in paragraph 17 and thus those allegations are denied.

18.     That the allegations in paragraph 18 of the Plaintiff's Complaint are mere allegations of legal duties to which a response is not required. To the extent a response is required, the allegations are denied.

19.     That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.     That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.     With regard to the allegations contained in paragraph 21 of the Plaintiff's Complaint, that Defendants Southern Elevator Company, Inc. and Louis Cruz admit that Southern Elevator was his employer at the time of the alleged accident and that Southern Elevator is vicariously liable for the conduct of Cruz with regard to the repair of the elevator. All other allegations contained within paragraph 21 of the Plaintiff's Complaint are denied.

22.     That Defendants Southern Elevator Company, Inc. and Louis Cruz deny the allegations contained within paragraph 22 of the Plaintiff's Complaint and call upon the Plaintiff for strict proof of each and every item of alleged injury and damage.

23.     That Defendants Southern Elevator Company, Inc. and Louis Cruz are without sufficient knowledge to admit or deny the allegations contained in paragraph 23 of the Plaintiff's Complaint. To the extent a response is required, the allegations are denied. Defendants expressly

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

reserve the right to rely on any of these affirmative defenses should they be supported by the evidence.

24.     That Defendants Southern Elevator Company, Inc. and Louis Cruz deny being liable to the Plaintiff for the amount alleged in the Complaint or for any other amount whatsoever.

25.     That Defendants Southern Elevator Company, Inc. and Louis Cruz deny breaching any legal duty owed to the Plaintiff.

26.     That Defendants Southern Elevator Company, Inc. and Louis Cruz reserve the right to later assert any affirmative defenses supported by the evidence.

27.     That the Complaint fails to state grounds sufficient for an award for punitive damages. The Demurrer set forth above is incorporated herein by reference.

28.     That all allegations in the Complaint not expressly admitted herein are denied.

29.     A trial by jury is demanded.

Respectfully submitted,

SOUTHERN ELEVATOR COMPANY, INC.
AND LOUIS CRUZ

By: _____
                    Of Counsel

Sean C. Workowski (VSB No. 36120)
Macel H. Janoschka (VSB No. 73050)
FRITH ANDERSON & PEAKE, P.C.
29 Franklin Road, S.W.
Post Office Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:    540/772-9167
Email: sworkowski@faplawfirm.com
         mjanoschka@faplawfirm.com
*Counsel for Defendant Southern Elevator Company, Inc. and Louis Cruz*

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

{940/0003/MAE/00370146.DOC }

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February, 2016, I served the foregoing Responsive

Pleading via email and hand delivery upon:

D. Adam McKelvey
Crandall & Katt
366 Elm Avenue, S.W.
Roanoke, VA 24016
*Counsel for Plaintiff*

_____
Of Counsel

FRITH
ANDERSON
& PEAKE PC
ATTORNEYS AT LAW
ROANOKE, VIRGINIA

{940/0003/MAE/00370146.DOC }

Daniel L. Crandall*
Peter A. Katt
Danny D. Ashwell, Jr.
Patrick T. Fennell**
D. Adam McKelvey
William C. Pattisall***
John F. Pyle
David J. Crandall

* also admitted in Washington, DC
** also admitted in West Virginia
*** also admitted in North Carolina

**Crandall & Katt**

Attorneys & Counselors at Law

366 Elm Avenue, S.W., Roanoke, Virginia 24016

Telephone:
540-342-2000
Facsimile:
540-345-3527
email@crandalllaw.com

*CU 16-27*

December 22, 2015

CIRCUIT COURT
Received & Filed
11:38 AM
JAN - 6 2016
By *Connie P Lindsley*
Deputy Clerk
CITY OF ROANOKE

Roanoke City Circuit Court
Civil Division, Clerk of Court
PO Box 2610
Roanoke, VA 24010

Re:     Caleb Quesenberry v. Southern Elevator Company, Inc., and
        Northern Management Services, Inc. and L .Cruz

Dear Sir or Madam:

We represent plaintiff in the above-referenced matter.  Please find enclosed for filing the Civil Action Cover Sheet, Original Complaint and service copies, and the check.

Regarding the enclosed copy of the Complaint, which is stamped "COPY", I request that this "COPY" be stamped with the date and time the original was filed with your office.

I enclose a self-addressed stamped envelope for your convenience in returning this copy and the recording receipt to me.  I request the suit papers be prepared for service on the following persons.  Please return the service copies to me for service through a private process server.

CT Corporation System
Registered Agent for Northern Management Services, Inc.
4701 Cox Road, Suite 285
Glen Allen, VA 23060

CT Corporation System
Registered Agent for Southern Elevator Company, Inc.
4701 Cox Road, Suite 285
Glen Allen, VA 23060

Very truly yours,

**CRANDALL & KATT**
**Attorneys & Counselors at Law**

D. Adam McKelvey, Esq.

VIRGINIA: IN THE ROANOKE CITY CIRCUIT COURT

CIRCUIT CO[    ]
Received & F[   ]
11:38 Am
JAN 06 2016
By Connie P Lynskey
Deputy Clerk
CITY OF ROANOKE

| | |
|---|---|
| CALEB QUESENBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CL 16-27 |
| | ) |
| SOUTHERN ELEVATOR | ) |
| COMPANY, INC., | ) |
| | ) |
| NORTHERN MANAGEMENT | ) |
| SERVICES, INC., | ) |
| | ) |
| & | ) |
| | ) |
| L. CRUZ, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST INTERROGATORY TO DEFENDANTS

1.    Please state the full legal name, home address and relationship to you of the "L. Cruz" listed in the Complaint.

Response:

Respectfully submitted,

**CALEB QUESENBERRY**

By: _____
of Counsel

D. Adam McKelvey, Esquire (Va. State Bar No. 75174)
CRANDALL & KATT
Attorneys and Counselors at Law
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Telephone:    (540) 342-2000
Facsimile:    (540) 345-3527
dmckelvey@crandalllaw.com

*Counsel for plaintiff*

VIRGINIA: IN THE ROANOKE CITY CIRCUIT COURT

| | |
|---|---|
| CALEB QUESENBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _CL16-27_ |
| | ) |
| SOUTHERN ELEVATOR | ) |
| COMPANY, INC., | ) |
| | ) |
| NORTHERN MANAGEMENT | ) |
| SERVICES, INC., | ) |
| | ) |
| & | ) |
| | ) |
| L. CRUZ, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the plaintiff, CALEB QUESENBERRY ("plaintiff"), by counsel, and moves this Court for judgment against defendants SOUTHERN ELEVATOR COMPANY, INC. ("Southern"), NORTHERN MANAGEMENT SERVICES, INC. ("Northern"), and L. CRUZ ("Cruz") (collectively "defendants"), jointly and severally, on the grounds and in the amounts as hereinafter set forth:

     1.     At all relevant times hereto, the plaintiff was an employee that worked at the Poff Federal Building ("subject premises") in Roanoke, Virginia, and was a resident and citizen of the Commonwealth of Virginia.

     2.     At all relevant times hereto, Northern was a corporation organized and existing under the laws of the State of Idaho, with minimum contacts with the Commonwealth of Virginia.

Filed in the Clerk's Office this 6th day of Jan 20 15
Writ Tax $ 25.00    206 Fee $
Fee         290.00   428 Fee    50 0
Ub Fee      400      Teste:   229-2   001
123 Fee     900
106 Fee     500      BRENDA S. HAMILTON, CLERK
170 Fee     1000
147 Fee     100      _[signature]_ DC
Total Paid  3510

3.     At all relevant times hereto, Southern was a corporation organized and existing under the laws of the State of North Carolina, with minimum contacts with the Commonwealth of Virginia.

4.     At all relevant times hereto, L. Cruz was, upon information and belief, a citizen and resident of the Commonwealth of Virginia who was employed at all relevant times by Southern and acting within the scope and course of employment for the same, such that he received pay for the work that he did from Southern, and on the date of the subject incident, was working under the dispatch of, and for the business benefit of, Southern.

5.     On or about August 11, 2014, the plaintiff was at the subject location and was using an elevator to move about the Poff Building, when said elevator malfunctioned, moved abruptly, and caused the plaintiff physical injury.

6.     At the time and place aforesaid, Northern was under a contract with the General Services Administration, an agency of the federal government, to provide maintenance and repair services for the Poff Building, including the elevators.

7.     At the time and place aforesaid, Northern had entered into a contract with Southern for the maintenance and repair of the elevators at the subject location.

8.     On August 11, 2014 at approximately 10:50 a.m. the elevator on which the plaintiff was located malfunctioned, and Cruz was dispatched on behalf of Southern to service said elevator.

9.     The fault code displayed at the 10:50 a.m. service call was a "QPRAM Comm. Failure/warn" code which is indicative of, among other things, a broken circuit board.

10. Cruz ran tests that checked for other failures, all of which were, upon information and belief, negative, and placed the elevator back in service.

11. At the time of the service call, based upon the troubleshooting guide for the subject elevator and/or Cruz's specialized training, education and experience, Cruz knew, or should have known, that the "QPRAM Comm. Failure/warn" code could indicate a broken circuit board.

12. In spite of the abovementioned knowledge, the presence of at least three other operable elevators in the vicinity and several others building wide, and knowledge that there was no way for anyone to test whether the circuit board was in fact broken on site, Cruz placed the elevator back in service without replacing the circuit board, or taking the elevator out of service.

13. At approximately 1:30 pm on the same date, the plaintiff entered the elevator, and while located therein and in transit, the elevator dropped at a high rate of speed for a considerable distance, actually and proximately causing the plaintiff's physical injuries.

14. Upon inspection of the elevator after the plaintiff's injury, the "QPRAM Comm. Failure/warn code" was displayed, and there was a tripped speed governor switch, which is indicative of a free fall. The combination of these two findings, and the subsequent testing of the circuit board, which should have been done as part of the first service call, establish that the circuit board was in fact broken.

15. The circuit board on this elevator controls and governs the speed of the elevator when traveling, among other things. The broken circuit board on the subject

elevator at the time of the plaintiff's injury is the actual and proximate cause of the elevator's malfunction, and the plaintiff's injuries.

16. At all relevant times hereto, Northern, in order to obtain greater profits from its abovementioned contract with the GSA, refused to authorize adequate elevator inspections, repairs and servicing such that problems like the one mentioned herein occurred. Northern is in the business of building maintenance and exercised such a significant degree of control over Southern and Cruz, and was thus their employer.

17. Northern, by contract with the GSA, was obligated to keep the elevator on which the plaintiff was injured in safe working order. Further, the plaintiff, as an employee of the federal government who worked in the Poff Building, is clearly a foreseeable beneficiary of the aforesaid contract.

18. The defendants had an actual, assumed and/or vicarious duty to use ordinary care in the maintenance and repair of the aforesaid elevator on which the plaintiff was injured.

19. Notwithstanding their aforesaid duties, the defendants negligently failed to maintain and repair the elevator after the first malfunction, for the reasons stated herein, incorporated by reference, actually and proximately causing the plaintiff's injuries.

20. The conduct of Cruz in spite of his specialized training and knowledge, constituted willful and wanton conduct such that punitive damages are appropriate, for the reasons stated herein, and specifically do to the fact that the troubleshooting guide suggested the replacement and testing of the circuit board as a solution to the fault code displayed prior to the plaintiff's injury.

21.     Northern and Southern are vicariously liable for the conduct of Cruz, due to the fact that they are both his employers, for the reasons stated herein.

22.     As an actual and proximate result of the negligent conduct alleged herein, the plaintiff was caused to suffer severe injury, pain, mental anguish, inconvenience, and to incur lost time from work as a result of the injuries, and medical expenses in an effort to be cured of the aforesaid injuries.

23.     The plaintiff did not fail to mitigate his damages, did not assume the risk of injury, nor was he contributorily negligent.

24.     A trial by jury is requested.

WHEREFORE the plaintiff, by counsel, moves this Court for judgment against the defendants, jointly and severally, in the amount of five hundred thousand dollars in compensatory damages, against L. Cruz in the amount of three hundred fifty thousand dollars in punitive damages, pre-judgment interest, post judgment interest, and costs expended.

Respectfully submitted,

**CALEB QUESENBERRY**

By:_____
of Counsel

D. Adam McKelvey, Esquire (Va. State Bar No. 75174)
CRANDALL & KATT
Attorneys and Counselors at Law
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Telephone:    (540) 342-2000
Facsimile:     (540) 345-3527
dmckelvey@crandalllaw.com

*Counsel for plaintiff*

**SERVICE OTHER THAN BY VIRGINIA SHERIFF**     Case No. 770CL16000027-00
COMMONWEALTH OF VIRGINIA
VA. CODE §§ 8.01-293, 8.01-320, 8.01-325

_____ Roanoke City _____ Circuit Court

_Caleb Quesenberry_ v. _Southern Elevator Company Inc_

CT Corporation System B/A Northern Management Services 4701 Cox Rd Suite 285 Glen Allen VA 23060

is the name and address of the person upon whom service of the following is to be made:

[X] Summons and Complaint

[ ] _____

I, the undersigned, swear/affirm that

1. [ ] I am an official or an employee of an official who is authorized to serve process of the type described in the attached Proof of Service and my title and bailiwick are as follows:

   _____

   or,

   [X] I am a private process server (list name, address and telephone number below).
   _Damian Spradlin   1990 Alean rd. Wirtz VA 24184   540-529-3592_

2. I am not a party to, or otherwise interested in, the subject matter in controversy in this case.
3. I am 18 years of age or older.
4. I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.
   — Date and time of service: _1-20-16_   _8:45 AM_
   — Place of service: _4701 Cox Rd Suite 285 Glen Allen VA_
   STREET ADDRESS, CITY AND STATE
   — Method of service:

| [X] Personal Service | [ ] Not Found |
|---|---|

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivery to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of person to be served after giving information of its purport. List name, age of recipient, and relation of recipient to party _____

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode (other authorized recipient not found).

[ ] (Garnishment Summons Only, § 8.01-511) Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

DATE OF MAILING

CIRCUIT COURT
Received & Filed
4:30 pm
JAN 25 2016
Deputy Clerk
CITY OF ROANOKE

_1-20-16_
DATE

_____ SIGNATURE

Name (Print or Type) _Damian Spradlin_

State/Commonwealth of _Virginia_, [X] City [ ] County of _Roanoke_

Subscribed and sworn to/affirmed before me this _____ day of _____, 20___

by _Damian Spradlin_                _Private Process Server_
PRINT NAME OF SIGNATORY                TITLE

_1/21_
DATE

C.TAYLOR MacKENZIE REEDY
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7595123
My Commission Expires April 30, 2018

_Dey M. Reedy_   _4/30/18_
NOTARY PUBLIC (My commission expires _____)
Registration #

# Service Authorization
# CT Corporation System

CT Corporation System ("CT") is registered agent for service of process for numerous corporations and similar entities. CT receives the process only in its capacity as a commercial registered agent. The individuals designated below are employees of CT Corporation System and in receiving the process, do so only on CT's behalf and in CT's capacity as registered agent.

**PLEASE NOTE**: The Code of Virginia §§ 13.1-634 provides in part:

> "Registered office and registered agent.
> A....

> B. The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

***As such, neither CT Corporation System, nor its individual employees designated below, have the duty or the ability to respond to any legal process, notice or demand that is served on CT's clients.***

The following natural persons are designated in the office of the registered agent upon whom any process, notice or demand may be served:

|  Lisa Uttech | Katie Bush | Teresa Brown | Jabrel Samuel |

This authorization does not certify the receipt or acceptance of any specific process.

_____

Lisa Uttech
Corporate Operations Manager
CT Corporation System

State of Virginia
County of Henrico

This day personally appeared before me, Lisa Uttech, who name is signed above and who, being first duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and belief.
Subscribed and sworn before me this 14th day of December, 2015.

_____
Notary Public

**Teresa Michelle Brown**
Notary Public, Commonwealth of Virginia
My Commission Expires August 31, 2017
Commission ID #286304

# COMMONWEALTH OF VIRGINIA



ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

CIRCUIT COURT
Received & Filed
4:30pm
JAN 2 5 2016
Deputy Clerk
CITY OF ROANOKE

Proof of Service

Virginia:
In the ROANOKE CITY CIRCUIT COURT

Case number: 770CL16000027-00
Service number: 001
Service filed: January 06, 2016

Served by: SPECIAL PROCESS SERVER
Judge:

Style of case: CALEB QUESENBERRY vs SOUTHERN ELEVATOR COMPANY INC

Service on: CT CORPORATION SYSTEM
REGISTERED AGENT FOR
NORTHERN MANAGEMENT SERVICES
4701 COX ROAD SUITE 285
GLEN ALLEN VA 23060

Attorney: MCKELVEY, D ADAM
540-342-2000

**Proper attire required in Court Rooms**
NO shorts
NO halters/tank tops
NO flip-flop shoes
NO t-shirts
NO hats
NO food, drinks or gum
NO cell phones in Courthouse

Instructions:

Returns shall be made hereon, showing service of Summons issued Wednesday, January 06, 2016 with a copy of the Complaint filed Wednesday, January 06, 2016 attached.

Hearing date :
Service issued: Wednesday, January 06, 2016

For Sheriff Use Only

# COMMONWEALTH OF VIRGINIA



ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

Summons

To: CT CORPORATION SYSTEM
REGISTERED AGENT FOR
NORTHERN MANAGEMENT SERVICES
4701 COX ROAD SUITE 285
GLEN ALLEN VA 23060

Case No. 770CL16000027-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, January 06, 2016

Clerk of Court: BRENDA S. HAMILTON

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: MCKELVEY, D ADAM
540-342-2000

# SERVICE OTHER THAN BY VIRGINIA SHERIFF

Case No. 7?CL/6000027-00

COMMONWEALTH OF VIRGINIA
VA. CODE §§ 8.01-293, 8.01-320, 8.01-325

Roanoke City _____ Circuit Court

Caleb Quisenberry _____ v. Southern Elevator Company Inc

CT Corporation System N/A for Southern Elevator Company Inc 4701 Cox Rd Suite 285 Glen Allen VA 23060

is the name and address of the person upon whom service of the following is to be made:

[X] Summons and Complaint

[ ] _____

I, the undersigned, swear/affirm that

1. [ ] I am an official or an employee of an official who is authorized to serve process of the type described in the attached Proof of Service and my title and bailiwick are as follows:

   _____

   or,

   [X] I am a private process server (list name, address and telephone number below).

   Damian Spradlin  1990 Alexan Rd Wirtz VA 24184    540-529-3592

2. I am not a party to, or otherwise interested in, the subject matter in controversy in this case.
3. I am 18 years of age or older.
4. I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

   — Date and time of service: 1-20-16    845am

   — Place of service: 4701 Cox Rd Suite 285 Glen Allen VA
     STREET ADDRESS, CITY AND STATE

   — Method of service:

| [X] Personal Service | [ ] Not Found |
|---|---|

[ ] Being unable to make personal service, a copy was delivered in the following manner:

   [ ] Delivery to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of person to be served after giving information of its purport. List name, age of recipient, and relation of recipient to party _____

   [ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode (other authorized recipient not found).

   [ ] (Garnishment Summons Only, § 8.01-511) Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

              DATE OF MAILING

CIRCUIT COURT
Received & Filed
4:30pm
JAN 25 2016
_____
Deputy Clerk
CITY OF ROANOKE

1-20-16
DATE

_____
SIGNATURE

Name (Print or Type) Damian Spradlin

State/Commonwealth of Virginia , [X] City [ ] County of Roanoke

Subscribed and sworn to/affirmed before me this _____ day of _____, 20_____

by Damian Spradlin _____ Private Process Server
    PRINT NAME OF SIGNER                                TITLE

1/21/16
DATE

TAYLOR MacKENZIE REEDY
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7695189
My Commission Expires April 30, 2018

Taylor M. Reedy
NOTARY PUBLIC (My commission expires 4/30/18
Registration No. _____

# Service Authorization
# CT Corporation System

CT Corporation System ("CT") is registered agent for service of process for numerous corporations and similar entities. CT receives the process only in its capacity as a commercial registered agent. The individuals designated below are employees of CT Corporation System and in receiving the process, do so only on CT's behalf and in CT's capacity as registered agent.

**PLEASE NOTE**: The Code of Virginia §§ 13.1-634 provides in part:

> "Registered office and registered agent.
> A....
>
> B. The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

***As such, neither CT Corporation System, nor its individual employees designated below, have the duty or the ability to respond to any legal process, notice or demand that is served on CT's clients.***

The following natural persons are designated in the office of the registered agent upon whom any process, notice or demand may be served:

| Lisa Uttech | Katie Bush | Teresa Brown | Jabrel Samuel |

This authorization does not certify the receipt or acceptance of any specific process.

_____

Lisa Uttech
Corporate Operations Manager
CT Corporation System

State of Virginia
County of Henrico

This day personally appeared before me, Lisa Uttech, who name is signed above and who, being first duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and belief.
Subscribed and sworn before me this 14th day of December, 2015.

_____
Notary Public

**Teresa Michelle Brown**
Notary Public, Commonwealth of Virginia
My Commission Expires August 31, 2017
Commission ID #286304



# COMMONWEALTH OF VIRGINIA



CIRCUIT COURT
Received & Filed
4:30 pm
JAN 25 2016
By Deputy Clerk
CITY OF ROANOKE

ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

Proof of Service

Virginia:
In the ROANOKE CITY CIRCUIT COURT

Case number: 770CL16000027-00
Service number: 002
Service filed: January 06, 2016

Served by: SPECIAL PROCESS SERVER

Style of case: CALEB QUESENBERRY vs SOUTHERN ELEVATOR COMPANY INC

Judge:

Service on: CT CORPORATION SYSTEM
REGISTERED AGENT FOR
SOUTHERN ELEVATOR COMPANY INC
4701 COX ROAD SUITE 285
GLEN ALLEN VA 23060

Attorney: MCKELVEY, D ADAM
540-342-2000

**Proper attire required in Court Rooms**
NO shorts
NO halters/tank tops
NO flip-flop shoes
NO t-shirts
NO hats
NO food, drinks or gum
NO cell phones in Courthouse

Instructions:

Returns shall be made hereon, showing service of Summons issued Wednesday, January 06, 2016 with a copy of the Complaint filed Wednesday, January 06, 2016 attached.

Hearing date :
Service issued: Wednesday, January 06, 2016

For Sheriff Use Only

Proper attire required in Court Rooms
NO shorts
NO halter/tank tops
NO flip-flop shoes
NO t-shirts
NO hats
NO food, drinks or gum
NO cell phones in Courtrooms

# COMMONWEALTH OF VIRGINIA



ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

Summons

To: CT CORPORATION SYSTEM                    Case No. 770CL16000027-00
REGISTERED AGENT FOR
SOUTHERN ELEVATOR COMPANY INC
4701 COX ROAD SUITE 285
GLEN ALLEN VA 23060

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, January 06, 2016

Clerk of Court: BRENDA S. HAMILTON

by _____
(CLERK/DEPUTY CLERK)

Instructions:


Hearing Official:


Attorney's name:     MCKELVEY, D ADAM
540-342-2000

SAN

# COMMONWEALTH OF VIRGINIA



## ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

Proof of Service

Virginia:
In the ROANOKE CITY CIRCUIT COURT

Case number: 770CL16000027-00
Service number: 002
Service filed: January 06, 2016

Served by: SPECIAL PROCESS SERVER
Judge:

Style of case: CALEB QUESENBERRY vs SOUTHERN ELEVATOR COMPANY INC

Service on: CT CORPORATION SYSTEM
REGISTERED AGENT FOR
SOUTHERN ELEVATOR COMPANY INC
4701 COX ROAD SUITE 285
GLEN ALLEN VA 23060

Attorney: MCKELVEY, D ADAM
540-342-2000

**Proper attire required in Court Rooms**
**NO shorts**
**NO halters/tank tops**
**NO flip-flop shoes**
**NO t-shirts**
**NO hats**
**NO food, drinks or gum**
**NO cell phones in Courthouse**

Instructions:

Returns shall be made hereon, showing service of Summons issued Wednesday, January 06, 2016 with a copy of the Complaint filed Wednesday, January 06, 2016 attached.

Hearing date :
Service issued: Wednesday, January 06, 2016

For Sheriff Use Only

# COMMONWEALTH OF VIRGINIA



ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

Summons

To: CT CORPORATION SYSTEM
REGISTERED AGENT FOR
SOUTHERN ELEVATOR COMPANY INC
4701 COX ROAD SUITE 285
GLEN ALLEN VA 23060

Case No. 770CL16000027-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, January 06, 2016

Clerk of Court: BRENDA S. HAMILTON

by _____
(CLERK/DEPUTY CLERK)

Instructions:


Hearing Official:


Attorney's name:  MCKELVEY, D ADAM
540-342-2000

# COMMONWEALTH OF VIRGINIA



ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

Proof of Service

Virginia:
In the ROANOKE CITY CIRCUIT COURT

Case number: 770CL16000027-00
Service number: 001
Service filed: January 06, 2016

Served by: SPECIAL PROCESS SERVER
Judge:
Style of case: CALEB QUESENBERRY vs SOUTHERN ELEVATOR COMPANY INC
Service on: CT CORPORATION SYSTEM
REGISTERED AGENT FOR
NORTHERN MANAGEMENT SERVICES
4701 COX ROAD SUITE 285
GLEN ALLEN VA 23060

Attorney: MCKELVEY, D ADAM
540-342-2000

Proper attire required in Court Rooms
NO shorts
NO halters/tank tops
NO flip-flop shoes
NO t-shirts
NO hats
NO food, drinks or gum
NO cell phones in Courthouse

Instructions:

Returns shall be made hereon, showing service of Summons issued Wednesday, January 06, 2016 with a copy of the Complaint filed Wednesday, January 06, 2016 attached.

Hearing date  :
Service issued: Wednesday, January 06, 2016

For Sheriff Use Only

# COMMONWEALTH OF VIRGINIA



### ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

**Summons**

To: CT CORPORATION SYSTEM
REGISTERED AGENT FOR
NORTHERN MANAGEMENT SERVICES
4701 COX ROAD SUITE 285
GLEN ALLEN VA 23060

Case No. 770CL16000027-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, January 06, 2016

Clerk of Court: BRENDA S. HAMILTON

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:     MCKELVEY, D ADAM
                     540-342-2000

| 1st Hearing | 2nd Hearing | 3rd Hearing | 4th Hearing | CODE | HEARING RESULT |
|---|---|---|---|---|---|
| | | | | CO | **CARRIED OVER**<br>(Evidence taken- No Order) |
| | | | | C | **CONTINUED**<br>(Requires future date) |
| | | | | CG | **CONTINUED GENERALLY** |
| | | | | DJ | **DEFAULT JUDGMENT** |
| | | | | D | **DENIED**<br>(Motions only) |
| | | | | DIS | **DISMISSED** |
| | | | | G | **GRANTED**<br>(Motions only) |
| | | | | HOP | **HEARING ORDER PENDING**<br>(Evidence taken-Order Later) |
| | | | | M | **MISTRIAL** |
| | | | | NA | **NO APPEARANCE**<br>(Hearing set/no appearance or cancellation) |
| | | | | NS | **NON SUIT** |
| | | | | R | **RESOLVED**<br>(Hearing Settled-No Order) |
| | | | | ROP | **RESOLVED ORDER PENDING**<br>(Settled prior to hearing-Order Later) |
| | | | | SET | **SET FOR TRIAL**<br>(Praecipe filed-Case Set) |
| | | | | SETL | **SETTLED** |
| | | | | TOP | **TRIAL ORDER PENDING**<br>(Evidence taken-Order Later) |
| | | | | TRYD | **TRIED** |
| | | | | UA | **UNDER ADVISEMENT**<br>(Evidence taken-decision under advisement) |
| | | | | WD | **WITHDRAWN**<br>(Motion withdrawn –No Order) |

### CASE DISPOSITION

| | | | | |
|---|---|---|---|---|
| **APPEAL/REMOVAL** | _____ | **SETTLED/DISMISSED** | DIS | _____ |
| **ALL OTHER LAW** | _____ | **DEFAULT JUDGMENT** | DJ | _____ |
| **DIVORCE** | _____ | **TRIAL JUDGE WITNESS** | TJW | _____ |
| **ALL OTHER EQUITY** | _____ | **DEPOSITIONS** | DEP | _____ |
| **J & D APPEALS** | _____ | **COMMISSIONER'S REPORT** | RC | _____ |
| | | **TRANSFERRED** | TRN | _____ |
| | | **REMANDED** | REM | _____ |
| | | **JURY TRIAL** | TJ | _____ |

## Roanoke City
# *Hearing Result Worksheet*©

07/01 msw/n:/civil/masterforms/hearing result worksheet.doc

| | | |
|---|---|---|
| **3 YEAR RULE** | P3Y | _____ |
| **OTHER** | OTH | _____ |



# COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. ..... **CL 16-27**
(CLERK'S OFFICE USE ONLY)

Roanoke City ..... Circuit Court

Caleb Quesenberry ..... v./In re: ..... Southern Elevator Company, Inc.

PLAINTIFF(S) ..... DEFENDANT(S)

Northern Management Services, Inc., and L. Cruz

I, the undersigned [ ] plaintiff [ ] defendant [X] attorney for [X] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL
**Subsequent Actions**
- [ ] Claim Impleading Third Party Defendant
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Counterclaim
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Cross Claim
- [ ] Interpleader
- [ ] Reinstatement (other than divorce or driving privileges)
- [ ] Removal of Case to Federal Court

**Business & Contract**
- [ ] Attachment
- [ ] Confessed Judgment
- [ ] Contract Action
- [ ] Contract Specific Performance
- [ ] Detinue
- [ ] Garnishment

**Property**
- [ ] Annexation
- [ ] Condemnation
- [ ] Ejectment
- [ ] Encumber/Sell Real Estate
- [ ] Enforce Vendor's Lien
- [ ] Escheatment
- [ ] Establish Boundaries
- [ ] Landlord/Tenant
  - [ ] Unlawful Detainer
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Quiet Title
- [ ] Termination of Mineral Rights

**Tort**
- [ ] Asbestos Litigation
- [ ] Compromise Settlement
- [ ] Intentional Tort
- [ ] Medical Malpractice
- [ ] Motor Vehicle Tort
- [ ] Product Liability
- [ ] Wrongful Death
- [X] Other General Tort Liability

## ADMINISTRATIVE LAW
- [ ] Appeal/Judicial Review of Decision of (select one)
  - [ ] ABC Board
  - [ ] Board of Zoning
  - [ ] Compensation Board
  - [ ] DMV License Suspension
  - [ ] Employee Grievance Decision
  - [ ] Employment Commission
  - [ ] Local Government
  - [ ] Marine Resources Commission
  - [ ] School Board
  - [ ] Voter Registration
  - [ ] Other Administrative Appeal

## DOMESTIC/FAMILY
- [ ] Adoption
  - [ ] Adoption – Foreign
- [ ] Adult Protection
- [ ] Annulment
  - [ ] Annulment – Counterclaim/Responsive Pleading
- [ ] Child Abuse and Neglect – Unfounded Complaint
- [ ] Civil Contempt
- [ ] Divorce (select one)
  - [ ] Complaint – Contested*
  - [ ] Complaint – Uncontested*
  - [ ] Counterclaim/Responsive Pleading
  - [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
- [ ] Separate Maintenance
  - [ ] Separate Maintenance Counterclaim

## WRITS
- [ ] Certiorari
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Prohibition
- [ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS
- [ ] Accounting
- [ ] Aid and Guidance
- [ ] Appointment (select one)
  - [ ] Guardian/Conservator
  - [ ] Standby Guardian/Conservator
  - [ ] Custodian/Successor Custodian (UTMA)
- [ ] Trust (select one)
  - [ ] Impress/Declare
  - [ ] Reformation
- [ ] Will (select one)
  - [ ] Construe
  - [ ] Contested

## MISCELLANEOUS
- [ ] Appointment (select one)
  - [ ] Church Trustee
  - [ ] Conservator of Peace
  - [ ] Marriage Celebrant
- [ ] Bond Forfeiture Appeal
- [ ] Declaratory Judgment
- [ ] Declare Death
- [ ] Driving Privileges (select one)
  - [ ] Reinstatement pursuant to § 46.2-427
  - [ ] Restoration – Habitual Offender or 3rd Offense
- [ ] Expungement
- [ ] Firearms Rights – Restoration
- [ ] Forfeiture of U.S. Currency
- [ ] Freedom of Information
- [ ] Injunction
- [ ] Interdiction
- [ ] Interrogatory
- [ ] Judgment Lien-Bill to Enforce
- [ ] Law Enforcement/Public Official Petition
- [ ] Name Change
- [ ] Referendum Elections
- [ ] Sever Order
- [ ] Taxes (select one)
  - [ ] Correct Erroneous State/Local
  - [ ] Delinquent
- [ ] Vehicle Confiscation
- [ ] Voting Rights – Restoration
- [ ] Other (please specify)

CIRCUIT COURT
Received & Filed
11:30 am
JAN – 6 2016
By Connie Lansky
Deputy Clerk
CITY OF ROANOKE

[X] Damages in the amount of $ 850,000.00 ..... are claimed.

December 22, 2015
DATE

[ ] PLAINTIFF [ ] DEFENDANT [■] ATTORNEY FOR [ ] PLAINTIFF [ ] DEFENDANT

D. Adam McKelvey
PRINT NAME

366 Elm Avenue, SW
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

Roanoke, VA 24016

Dmckelvey@crandalllaw.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 10/14